LANDSBERG et al. v. ROSENWASSER et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

DEEDS—RESTRICTION—WHO MAY ENFORCE.

Where a single tract of land is divided into parcels, and the parcels are conveyed by deeds containing similar restrictive covenants, pursuant to a uniform plan adopted for the benefit of all, mutual negative easements are created, each parcel becoming both a servient and dominant tenement, and privity of estate or contract is unnecessary to enable the owner of one parcel to maintain an action against the owner of another parcel to restrain the violation of his rights.

Appeal from Special Term.

Action by Golde Landsberg and others against Samuel Rosenwasser and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

108 N.Y.S,—59

Isaac Landsberg, for appellants.
Forrest S. Chilton, for respondents.

· MILLER, J.  The complaint alleges that the plaintiffs and the defendants derived title to separate parcels of land through mesne conveyances from a common grantor; that said parcels, with others, formed a single tract, which was divided in 1888 by said grantor, who conveyed the subdivisions to separate purchasers at different times between 1888 and 1892 by conveyances each of which contained the restrictive covenant whose violation is sought to be restrained in this action; that said covenant was intended for the benefit of all the several purchasers; and that the deeds to the defendants were expressly made subject to it.  The learned court at Special Term sustained the demurrer, for the reason that the complaint did not show but what the plaintiff's lots were the first conveyed, that the grantee of each lot got no reciprocal rights against the grantor or his subsequent · grantees; that the covenant in each deed only inured to the benefit of the grantor and his grantees, and that the case was not aided by the allegation that the covenants were intended for the benefit of all purchasers, for the reason. that the covenants made for the benefit of the plaintiffs could only be enforced by them in case the covenantee was already under obligation to them commensurate with the scope of the covenant.

It is true that upon its face the covenant in each deed was personal to the grantor, and, standing alone, is not sufficient to show an intention to create mutual negative easements.  Equitable Life Assurance Soc. v. Brennan, 148 N. Y. 661, 43 N. E. 173.  In that case the covenants contained in the different deeds involved were not similar, and the surrounding circumstances indicated that the particular covenant involved was intended solely for the benefit of the grantor.  And so the court held than an intention to establish a uniform plan of restriction was not shown; but the court recognized the rule in that case that where a single tract is divided into parcels, and the parcels are conveyed by deeds containing similar ·restrictive covenants, pursuant to a uniform plan adopted for the benefit of all, mutual negative easements are created, each parcel becoming both a servient and dominant tenement, and that privity of estate or contract is unnecessary to enable the owner of one parcel to maintain an action to restrain the violation of his rights.  Some of the leading authorities on the subject are collated in Silberman v. Uhrlaub, 116 App. Div. 869, 102 N. Y. Supp. 299.  The reason for the rule is that, where all the parcels of a tract are conveyed subject to a uniform plan of restriction, intended to benefit the entire tract and of a character likely to induce purchases, it would be inequitable not to imply mutual reciprocal rights; hence the doctrine of equitable negative easements.  In this case a tract was divided, the different parcels were conveyed by instruments containing similar restrictive covenants, said covenants were intended for the benefit of all, and the defendants had at least constructive notice.  The action is not one to enforce a covenant.  It is an action to enjoin interference with the plaintiffs' rights as owners of dominant tenements  The allegation that the restrictive covenants, from which the negative easements are implied, were intended for the benefit of all the pur-

chasers, saves the complaint in this case. We do not need to determine now whether the deeds themselves, standing alone, furnish sufficient evidence of that intention.

The interlocutory judgment should be reversed, and the demurrer overruled, with the usual leave to plead over.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to plead over. All concur.