EVANGELICAL LUTHERAN CHURCH OF THE ASCENSION, OF SNYDER, NEW YORK, Respondent, *v.* PHILLIP SAHLEM et al., Appel ants.

(Argued June 3, 1930; decided July 8, 1930.)

*Gottfried H. Wende* for appellants. The trial court erred in decreeing that property might be taken without compensation and that in some other lawsuit or action the question as to damages might be tried out and determined. (*Rockwell* v. *Nearing*, 35 N. Y. 302; *Matter of Tuthill*, 163 N. Y. 133; *Trustees* v. *Lynch*, 70 N. Y. 441; *Morrow* v. *Hasselman*, 69 N. J. Eq. 612; 62 N. J. Eq. 276; *Bridgewater* v. *Ocean City R. Co.*, 63 N. J. Eq. 798; *Skillman* v. *Mathehurst*, 57 N. J. Eq. 1; *Levy* v. *Schreyer*, 177 N. Y. 293; *Kitching* v. *Brown*, 87 N. Y. Supp. 75; 73 N. E. Rep. 241.) The parties' intention in restrictive covenants should be carried out. (*Cook* v. *Murlin*, 195 N. Y. Supp. 793; *Nissen* v. *McCafferty*, 195 N. Y. Supp. 549; *Cromwell* v. *American Bible Society*, 195 N. Y. Supp. 217; *Kempner* v. *Simon*, 195 N. Y. Supp. 333.)

*Wartley B. Paul* and *John G. Lesswing* for respondent. The restrictions must be most strongly construed against the grantors and the persons seeking to enforce them. (*Reformed P. D. Church* v. *M. A. Bldg. Corp.*, 214 N. Y. 269; *Kitching* v. *Brown*, 180 N. Y. 414; *Blackman* v.

*Striker,* 142 N. Y. 555; *Schoonmaker* v. *Heckscher,* 171 App. Div. 148; *Cook* v. *Murlin,* 202 App. Div. 552.) The language of the restrictions invoked in the case at bar does not in terms prohibit the use of the premises for church purposes and it should not be interpreted so as to effect such prohibition. (*Hurley* v. *Brown,* 44 App. Div. 480; *Smith* v. *Scovill,* 205 App. Div. 112; *Kitching* v. *Brown,* 180 N. Y. 414; *Clark* v. *De Voe,* 124 N. Y. 120; *Paul* v. *Travelers Ins. Co.,* 112 N. Y. 472; *Cromwell* v. *American Bible Society,* 202 App. Div. 625; *Bennett* v. *Petrino,* 235 N. Y. 474; *Smith* v. *Graham,* 161 App. Div. 803.) The restrictions in this case are unenforceable for lack of mutuality. (*Davidson* v. *Dunham,* 159 App. Div. 207; *Korn* v. *Campbell,* 192 N. Y. 490; *Bimson* v. *Bultman,* 3 App. Div. 200; *Equitable Life Ins. Co.* v. *Brennan,* 148 N. Y. 661; *Trustees* v. *Lynch,* 70 N. Y. 440; *Schmerrer* v. *Leo,* 39 Misc. Rep. 507; *Black* v. *Jenkins,* 174 App. Div. 813; *Moore* v. *Henderson,* 99 Misc. Rep. 344; *McDougall* v. *Schneider,* 134 App. Div. 208; *Iselin* v. *Flynn,* 90 Misc. Rep. 164; *McLean* v. *Woolworth Co.,* 204 App. Div. 118.) There has been a substantial change in the character of the neighborhood of this tract sufficient to prevent the literal enforcement of these restrictions in the discretion of a court of equity. (*Batchelor* v. *Hinkle,* 210 N. Y. 243; *Trustees* v. *Lynch,* 70 N. Y. 440; *Forstmann* v. *Joray Holding Co., Inc.,* 244 N. Y. 22; *Roth* v. *Jung,* 79 App. Div. 1; *Dewes* v. *Constable,* 87 App. Div. 352; *McClure* v. *Leaycraft,* 183 N. Y. 36; *Trustees* v. *Thatcher,* 87 N. Y. 311; *Schwarz* v. *Duhul,* 118 App. Div. 105; *Walluck Const. Co.* v. *Smallwich Realty Co.,* 201 App. Div. 133; *Ammerman* v. *Deaul,* 132 N. Y. 355.) The court of equity properly did not enjoin the plaintiff from the use proposed to be made of its premises but left the defendant to his remedy at law for damages. (*Erit Realty Corp.* v. *Sea Gate Assn.,* 223 App. Div. 768; 249 N. Y. 52; *Batchelor* v. *Hinkle,* 210 N. Y. 243; *Goodhue* v. *Cameron,* 142 App. Div. 470; *Trustees* v. *Lynch,* 70 N. Y. 440; *Forstmann* v.

*Joray Holding Co., Inc.*, 244 N. Y. 22; *McClure* v. *Leay-craft*, 183 N. Y. 36; *McCann* v. *Chasm Power Co.*, 211 N. Y. 301; *Andrews* v. *Cohen*, 163 App. Div. 580; *Ammer-man* v. *Deaul*, 132 N. Y. 355.)

CARDOZO, Ch. J. The plaintiff, a religious corporation, has sued the owner of a parcel of real property in the village of Snyder, the owner's wife being joined with him as a defendant, to procure a declaratory judgment adjudging that restrictive covenants affecting the use of a parcel belonging to the plaintiff are no longer in effect, with a prayer for general relief.

The Supreme Court at Special Term refused to declare that the covenants had spent their force, adjudged, on the contrary, that they were valid and subsisting, but coupled that adjudication with one to the effect that the defendants were not entitled to hinder the projected use through the aid of an injunction, and were to be limited in respect of remedies to an action for damages at law.

The Appellate Division unanimously affirmed, but certified the case for the judgment of this court.

In September, 1923, a tract of land in the village of Snyder, divided into 128 lots, was subjected to restrictive covenants whereby the only building to be erected on any of the lots was to be " one single-family dwelling with its usual private barns, garages or other out-buildings to be used only for private residential purposes." The covenants were so framed as to run with the land in respect of benefit and burden (*Bristol* v. *Woodward*, 251 N. Y. 275, 285), and were to continue in force for a term of twenty years.

The defendant Philip Sahlem, who will hereafter be referred to as the defendant, became the owner of two of these lots, and placed upon them a private dwelling in which he made his home. The dwelling had been standing there for years when the plaintiff, a Lutheran church, conceived the plan of building a church edifice upon part

of the restricted tract. Before purchasing its lots, which are directly opposite to those owned by the defendant, the plaintiff, knowing of the covenants, made application to the lot owners to vary the restrictions. The defendant, though a member of the same religious communion, would not consent to the variance. He took the position that he had bought his lots for the purpose of a home, and that his peace and comfort would be disturbed by a meeting house across the way with the parking of cars, the tooting of horns, and the invasions of privacy attendant upon crowds. All the other lot owners were willing to modify the covenants by permitting the church to be erected, and signed consents accordingly.

The plaintiff, armed with these consents, decided to take title to the land and bid defiance to its neighbor. It signed a contract of purchase in February, 1928, and gave written notice to the defendant that the church would be erected. The defendant retorted with a warning that the builder would go forward at its peril. A deed of conveyance was accepted the next month. It recited the restrictions, and stated that the title to be conveyed to the grantee was subject thereto. The grantee promptly thereafter caused plans to be made for a parish house and church, made a contract with a builder for the construction of the parish house, and began the work of excavation. At this point, apparently, its courage began to fail. Once more it wrote to the defendant, insisting that with all the other lot owners compliant, the defendant " ought not to have the right to hinder the progress of an institution attempting to do humanitarian work." Once more the defendant stood his ground. Self-help was succeeded at this stage by combat in the courts. The plaintiff, renouncing its attitude of defiance, checked the progress of the work, and invoked the aid of the judicial process for a declaration of its rights.

The judgment rendered in its favor eviscerates the restrictive covenants while declaring them alive. It

does this on the ground that the damages occasioned to the defendant by the building of a church will be "slight and inconsequential" in comparison to those occasioned to the plaintiff if the use shall be enjoined. There is neither finding nor proof that the character of the neighborhood has so changed as to defeat the object and purposes for which the restrictions were imposed. Business has moved to some extent into blocks not far away which once were used for dwellings. The tract subjected to these covenants remains, however, what it has been since the restrictions were established, a place for homes exclusively (*Evans* v. *Foss*, 194 Mass. 513, 518; *Bacon* v. *Onset Bay Grove Assn.*, 241 Mass. 417, 426; *Allen* v. *Massachusetts Bonding & Ins. Co.*, 248 Mass. 378, 385; *Pagenstecher* v. *Carlson*, 146 App. Div. 738, 740). Indeed, there is no claim by any one that the plaintiff is at liberty, ignoring the covenants altogether, to devote the land in its ownership to business uses generally. By concession, its immunity will end if its building is not a church. The basis of this judgment, denying to the defendant owner the aid of equitable remedies, is not the presence of changed conditions extracting from the covenants their original vitality and reducing them to barren archaisms. The covenants are as useful in preserving to this tract the quality of a home section as they were at the beginning. The basis of this judgment is a holding that an owner anxious to improve his land in knowing violation of a covenant still subsisting, may have the judgment of a court of equity advising him in advance that, so far as equity is concerned, he may go forward with impunity if only on a balancing of losses the loss to the wrongdoer appears to be greater than his victim's.

By the settled doctrine of equity, restrictive covenants in respect of land will be enforced by preventive remedies while the violation is still in prospect, unless the attitude of the complaining owner in standing on his covenant is unconscionable or oppressive. Relief is not withheld because the money damage is unsubstantial or even none

at all (*Trustees of Columbia College* v. *Lynch*, 70 N. Y. 440, 453; *Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311, 316; *Rowland* v. *Miller*, 139 N. Y. 93, 103; *Forstmann* v. *Joray Holding Co., Inc.*, 244 N. Y. 22, 31; *Star Brewery Co.* v. *Primas*, 163 Ill. 652; *Lord Manners* v. *Johnson*, L. R. 1 Ch. Div. 673). " If the construction of the instrument be clear, and the breach clear, then it is not a question of damage, but the mere circumstance of a breach of covenant affords sufficient ground for the court to interfere by injunction " (*Tipping* v. *Eckersley*, 2 K. & J. 264, 270, quoted in *Trustees of Columbia College* v. *Thacher, supra*). " The parties had the right to determine for themselves in what way and for what purposes their lands should be occupied irrespective of pecuniary gain or loss, or the effect on the market value of the lots " (*Trustees of Columbia College* v. *Lynch, supra*). Inequity there may be in standing on the letter of a covenant when the neighborhood has so altered that the ends to be attained by the restriction have been frustrated by the years (*Trustees of Columbia College* v. *Thacher, supra; McClure* v. *Leaycraft*, 183 N. Y. 36; *Batchelor* v. *Hinkle*, 210 N. Y. 243). Inequity there may be in a demand for a mandatory injunction that will tear a completed building down, when the builder has acted in good faith, the covenant is presently to expire, and the havoc wrought by demolition will be disproportionate, in a degree shocking to the consicence, to any corresponding benefit (*Forstmann* v. *Joray Holding Co., Inc., supra*). Few formulas are so absolute as not to bend before the blast of extraordinary circumstances. In the award of equitable remedies there is often an element of discretion, but never a discretion that is absolute or arbitrary. In equity as at law there are signposts for the traveler. " Discretion   *   *   *   ' must be regulated upon grounds that will make it judicial ' " (*Haberman* v. *Baker*, 128 N. Y. 253, 256, quoting *White* v. *Damon*, 7 Ves. 35; *Rosenberg* v. *Haggerty*, 189 N. Y.

481; *McClure* v. *Leaycraft, supra;* cf. Clark, Covenants & Interests Running with Land, p. 164).

Here, in the case at hand, no process of balancing the equities can make the plaintiff's the greater when compared with the defendant's, or even place the two in equipoise. The defendant, the owner, has done nothing but insist upon adherence to a covenant which is now as valid and binding as at the hour of its making. His neighbors are willing to modify the restriction and forego a portion of their rights. He refuses to go with them. Rightly or wrongly he believes that the comfort of his dwelling will be imperilled by the change, and so he chooses to abide by the covenant as framed. The choice is for him only. Neither at law nor in equity is it written that a license has been granted to religious corporations, by reason of the high purpose of their being, to set covenants at naught. Indeed, if in such matters there can be degrees of obligation, one would suppose that a more sensitive adherence to the demands of plighted faith might be expected of them than would be looked for of the world at large. Other owners may consent. One owner, the defendant, satisfied with the existing state of things, refuses to disturb it. He will be protected in his refusal by all the power of the law.

If there is nothing in the defendant's conduct that should serve to banish him from equity, the question must still be met whether something in the plaintiff's conduct, some element of mistake or misadventure or even intolerable hardship, may work a like result. Nothing of the kind appears. Before taking a deed and even before signing the preliminary contract, the plaintiff knew of the restriction and knew that the defendant would not consent to any variance. It decided to ignore him. In the face of a covenant too plain to be misread, with conditions in the restricted tract the same as they had been when the covenant was made, it signed a contract with a builder for the construction of a parish house, reserving

for the future the contract for the church, and dug some spadefuls of earth as a sign that building had begun. At this point it prudently desisted and invoked the blessing of the law. With the building still a project, it induced a court of equity to advise it that there would be no hindrance by injunction if operations were resumed. Destruction of the defendant's easements, or rights analogous to easements, would proceed with safety and in order.

Neither principle nor precedent supports the decree of absolution thus granted to a wrongdoer. Here is no case of irreparable hardship, shocking to the conscience, as where a mandatory injunction would destroy a finished building to vindicate a doubtful right (*Forstmann* v. *Joray Holding Co., Inc.*, *supra;* cf. *Brande* v. *Grace*, 154 Mass. 210; *Lynch* v. *Union Inst. for Savings*, 159 Mass. 306). Here is a case where the building is yet a plan, the work on it preliminary, the outlay unsubstantial, the act to be absolved still waiting for the doer. His path has been made easy by a judicial declaration that the wrong may go on without annoying interference.

The judgments of the Appellate Division and the Special Term should be reversed, and judgment rendered in favor of the defendants declaring the restrictive covenants described in the complaint to be enforcible at law and in equity, with costs in all courts.

POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur; O'BRIEN, J., dissents and votes for affirmance.

Judgment accordingly.