Edward G. Baker, J.
This action is brought to restrain the violation or the threatened violation by the defendant of a certain restrictive covenant claimed by plaintiffs, to affect the lots or parcels of land within an area located in the Borough of Brooklyn now or heretofore known as “Lefferts Manor”. The area in question is bounded on the west by Flatbush Avenue, on the north by Lincoln Road, on the east by Rogers Avenue and on the south by Fenimore Street.
In the year 1893, John Lefferts died testate seized of said real property. His will was duly admitted to probate by the Surrogate of the County of Kings. By said will the testator’s real property was devised to his children and his executors were given a power of sale.
On or about April 28, 1899 said executors caused to be filed in the office of the Clerk of the County of Kings a map entitled “ Map of Property Belonging to the Estate of John Lefferts.” By said map, the land within the area was subdivided into building lots. All of the lots within the tract, except those fronting on Flatbush Avenue, were conveyed by deeds containing a restrictive covenant in form as follows: “ The party of the second part (Grantee) agrees that neither he nor his heirs or assigns will erect or cause or suffer to be erected on any part of the premises hereby conveyed any building or erection other than a private dwelling house for one family only. ’ ’
Plaintiff, Davis, is the owner of a parcel within the mapped area improved with a two and one-half story, attached, stone-front dwelling house which is occupied as a dwelling by him and his family. Defendant, at the time of the commencement of this action and the.filing of a notice of pendency thereof, was the owner of a similar property within the area known as and by the number 21.5 Rutland Road.
On application made in defendant’s behalf, there was issued by the Department of Buildings in the Borough of Brooklyn a permit for the conversion of defendant’s premises so as to permit occupancy thereof.by two families. The zoning resolution or ordinance in effect at the time permitted such occupancy within the area. However, zoning ordinances do not abrogate limitations of use imposed by restrictive covenants. (8 McQuil *1007 lin, Municipal Corporations [3d ed.], § 25.09; 26 C. J. S., Deeds, § 171, subd. c, par. [2], p. 1181.)
All restricted lots within the area have been improved with similar structures, attached two and one-half and three-story one-family dwellings. All structures* except those erected on lots fronting on Flatbush Avenue (which are not subject to the restrictions) are occupied by no more than one family. Over the years the residential character of the neighborhood, within the bounds of the restricted area, has been preserved.
It is clear that the restrictive covenant was imposed in furtherance of a general plan for the development of the area shown on the Lefferts’ Map. The obvious purpose was to preserve the tract for restricted residential use. In these circumstances, each owner may invoke the aid of equity to enforce observance of the covenant. (4 Pomeroy, Equity Juris. [5th ed.], § 1295 ; Silberman v. Uhrlaub, 116 App. Div. 869 ; Landsberg v. Rosenwasser, 124 App. Div. 559.)
The evidence does not support defendant’s claim that, over the years, the character of the neighborhood has so changed as to defeat the objects and purposes for which the restrictions were imposed. The proof before the court is to the contrary. True it is that the unrestricted lots fronting on Flatbush Avenue, and those located on the easterly side of Rogers Avenue opposite the mapped area have been improved with stores and commercial establishments; but the entire tract subject to the restrictions remains what it has been since the restrictions were imposed, an area of homes limited to single-family occupancy. It is clear that plaintiffs are not seeking to enforce a barren right. It cannot be said upon the evidence that the enforcement of the covenant will harm the defendant without conferring any substantial benefit upon plaintiffs.
Equitable relief may not be withheld by reason of the encroachment of business up to the restricted territory. The fact that other areas bordering the perimeter of the tract have developed otherwise is no bar to the relief here sought (Evangelical Lutheran Church v. Sahlem, 254 N. Y. 161, 166 ; Pagenstecher v. Carlson, 146 App. Div. 738, 740, and the cases there cited).
Nor does the fact that the existing zoning regulation prohibits further encroachment within the area aid the defendant. Plaintiffs have the right to insist upon adherence to the covenant. It is not for the defendant to say, nor may the court say, upon the basis that plaintiffs now have the protection not only of the covenant but of the zoning regulation as well, that they are arbitrary and unreasonable in their position.
*1008 One further point raised by defendant remains to be considered. It is claimed that the executors of the Lefferts ’ estate were without authority to impose the restriction. Under the power of sale given them in the will of John Lefferts, the executors had the power and right to impose the restriction if, in their judgment, the restriction was necessary for an advantageous sale of the land (Simmons v. Crisfield, 197 N. Y. 365). In any event, defendant has no standing to challenge either the legality or the propriety of their act. Judgment is directed for plaintiff's for the relief demanded in the complaint, and is to be settled on notice.