William Lymah, J.
This is an action to release, cancel and discharge of record, a certain restrictive covenant, running with the land, contained in a recorded deed. This covenant, with no time limitation, prohibits the erection of buildings other than a private single-family dwelling upon the property owned by plaintiff and located at the southwest corner of Henry Hudson Parkway and West 231st Street in The Bronx, New York. The active defendants are adjacent and nearby property owners whose title derives, as does that of plaintiff, from a common grantor, the Along-the Hudson, Inc. In 1919 this common grantor placed the identical restriction upon all the parcels involved. These parcels cover an area in the Riverdale section *409 of The Bronx lying between Henry Hudson Parkway on the east, the Hudson River on the west, West 232nd Street on the north, and an irregular line on the south which extends in varying distances south of West 231st Street.
The covenant in question, in the instant action, contains other restrictions against which plaintiff seeks no relief. A portion of the covenant, restricting the plots upon which single-family dwellings could be built, to 10,000 square feet, expired in 1933 by its own terms. The plaintiff’s property, being 150 feet by 300 feet, fronts on Henry Hudson Parkway with its depth along 231st Street. The property is presently improved with a 32-year-old 2%-story brick residence containing 18 rooms.
The parcels of property which contain this restrictive covenant are made up of properties covering 1,008,950 square feet. The action by the plaintiff herein has actively been opposed in this lawsuit by owners of parcels comprising 402,750 square feet of which 74,475 square feet have been released by the owners or their predecessors in interest. Defendant owners in default in this action are made up of parcels comprising 269,625 square feet. A third group of defendants in this lawsuit are made up of property owners who seek removal of the restrictive covenants running with their land if plaintiff is granted such relief. Their property is made up of 290,875 square feet of the affected area. The area owned by plaintiff comprises the remaining 45,700 square feet.
This restrictive covenant has previously been the subject of litigation. In 1954, in an action entitled Normus Realty v. Heilbrun, et al., this same plaintiff sought the same relief with respect to the same property and restrictive covenant as is sought now. In that action, as in the present action, plaintiff contended that substantial changes in the neighborhood had rendered the covenant obsolete and sought relief from it. The court, at that time, found that the plaintiff had not established such a radical change in the neighborhood as would render the covenant in question obsolete. The court however, recognized that future changes in the character of the neighborhood, as now maintained by law and usage may make it inequitable to enforce the covenant in question and render the covenant obsolete.
This prior decision is not res judicata of the issues in the instant action for the court is now presented with the issue of whether such further changes have occurred which render the covenant in question obsolete and inequitable (40th St. & Park Ave. v. Fox, 222 App. Div. 667, affd. 248 N. Y. 527; People ex rel. Hilton v. Farenkopf, 279 N. Y. 49).
*410 Plaintiff now maintains, that since 1954, this very event has come to pass. It is contended that the changes which have occurred in the area since 1954, coupled with those which occurred between 1919 and 1954, in which this restricted area is located, have so altered the neighborhood, that this covenant has now become obsolete. Once again a trial has taken place and the court, at the request of counsel, has inspected the area involved. The court has heard conflicting testimony from real estate experts with regard to the area involved as well as lay witnesses and has been presented with documentary evidence. Presently presented to the court is a factual issue, namely whether the changes occurring since 1954, coupled with the changes between 1919 and 1954 have now rendered the covenant obsolete.
The court is fully cognizant that the objecting defendants herein are possessors of a property right which they desire to maintain. The resolution of the issues affecting that right cannot be made on the basis that a number of property owners representing a substantial area of the property involved have either defaulted in this action, released the covenant or joined in the application. For, if the defendants were entitled to enforcement of the covenant, the fact that other owners consent would not deprive any defendant of the protection of the law and enforcement of the covenant if justified (Evangelical Lutheran Church v. Sahlem, 254 N. Y. 161).
However the court must be mindful of the fact that enforcement of the covenant will be denied if the change in the neighborhood is such that the usefulness of the covenant has been destroyed and the covenant is no longer applicable to the existing state of things (Trustees of Columbia Coll. v. Thatcher, 87 N. Y. 311).
Upon examination of the proof herein and inspection of the area involved, the court cannot ignore the fact that the character of the area involved has by now so fundamentally been altered as to justify the relief which the plaintiff seeks. The property herein is bounded on the east by the Henry Hudson Parkway, a highway which accommodates over 20,000,000 cars annually. On the north, the area involved, is adjacent to the former Seton Hospital site. This area, running from 232nd Street to 235th Street with a width of 206 feet at its southern boundary and 189 feet at its northern end has now been sold by the City of New York. In 1961 a building plan was filed for the erection of a 20-story apartment house on this site. In addition thereto, properties known as the Archibald Douglas property, running from 235th Street to 242nd Street, which were substantially *411 vacant in 1954 now are almost solidly built with apartments. Within the affected area itself, the Francis Shervier Hospital, occupying 163,000 square feet, is operated. It has erected a four-story dormitory for its help and is presently erecting a garage. This use, in the restricted area, is in violation of the terms of the covenant but is not objected to by any of the active defendants. It has further been established that, coupled with all of the foregoing, substantial apartment house development has occurred in the area. From 1938 to 1954, the time of the prior trial, 26 apartment houses with 1,900 units had been erected in an area from two to eight blocks from the plaintiff’s property. Since 1954, an additional 31 apartment buildings with 3,080 units have been erected in this area of from two to eight blocks. In addition, four more apartment buildings are now under construction in this area. Taxpayers and markets have been erected in the area to serve the community.
The proof established not only changes in the physical construction and appearance of the area, but, in addition, the effects of such changes on the object and purpose for which the restrictions were imposed have recently become apparent. A deterioration within the affected area has occurred which leaves little doubt in the court’s mind that the covenant is no longer applicable to the existing state of things and that the whole area can no longer be regarded as “ a park-like area” of private residential character. The substantial apartment house development in the surrounding area with the resultant increase in the number of inhabitants in the area has clearly affected the nature and character of the restricted area.
In addition to the foregoing, effective December 15, 1961 the plaintiff’s property, under the zoning regulations, along with two other properties, has been placed in a Zone R-6 permitting erection of 6-story apartment houses on 36% of the plot or 11-story apartment buildings on 22% of the land. All other properties within the area have been zoned R-l-2 for single-family dwellings. Refusal of the court to enforce the existing covenant will not affect the zoning of the existing private homes in the area since they will remain in an R-l-2 area. However, the plaintiff’s property being in a zone for apartment house use, has had its assessment substantially increased in the past three years. Accordingly, continued enforcement of the restrictive covenant would result for plaintiff in the insistence on private residential use for property located on land zoned and taxed for apartment house use.
From the foregoing, the court is led to the conclusion that there has factually been such substantial change in the neighbor *412 hood sufficient to require a finding that the usefulness of the covenant has been destroyed and its objects and purposes obsolete and no longer applicable to the existing state of things. The court therefore concludes that the plaintiff herein is entitled to judgment canceling and discharging of record and declaring inoperative and void that portion of the covenant in question from which the plaintiff seeks relief. Consequently, the court additionally grants the affirmative relief requested by defendants M. A. Gordon & Company, Inc., Elinor L. Gordon, Jolm E. Scarff, Ellen F. Scarff, Carolyn S. Allers and Franciscan Sisters of the Poor.