Richard J. Cardamone, J.
The plaintiff, Mohawk Containers, Inc., has previously instituted an action for a declaratory judgment against the defendants to extinguish certain restrictions on the use of their land, pursuant to the provisions of section 1951 of the Real Property Actions and Proceedings Law.
The plaintiff now moves for an order determining that the restrictions are of no actual and substantial benefit to the defendants by reason of changed conditions. The plaintiff further requests judgment that the said restrictions be completely extinguished upon payment to the defendants of such damages, if any, which defendants may sustain.
Mohawk Containers, Inc. (hereinafter called Mohawk) is a manufacturer of corrugated boxes, with a plant located in the Village of New Hartford, Oneida County, New York. Its property, industrially zoned, fronts on Campion Road. The rear of Mohawk’s property, which was previously zoned residential, abuts on a residential area comprised of one-family dwelling houses located on Colonial Drive, also located in the said village. The defendants in this action are property owners who reside on Colonial Drive. In its complaint, Mohawk alleges that it owns “ in fee simple ” certain property which is subject to a restrictive covenant that it “ shall be used only for residential purposes ” and for “ single-family dwellings ”. On November 14, 1963, the zoning of the premises in question was changed to industrial. Subsequent to the zoning change, 7 of the 11 owners bound by the restrictions released their rights voluntarily and without financial consideration. One of the owners has remained neutral and the remaining three property owners affected are the defendants in this action. Each of them insists that his property will sustain loss in value if the restrictions on the plaintiff’s land are extinguished. In his affidavit, the vice-president of the plaintiff corporation concedes that “these defendants sincerely believed that they will suffer financial loss if this restriction is released ”. Mohawk proposes to add an extension on its existing building to accommodate new and necessary equipment. There is a natural boundary line between *718 the plaintiff’s residential property (where the proposed addition would be located) and the Colonial Manor residential property, consisting of a natural ridge 25 feet high. The Zoning-Board of Appeals of the Town of New Hartford, at the time that it granted the zoning change, did so subject to 11 conditions designed to protect the residential character of the area. There has been no change in the character of the residential lots comprising the Colonial Manor development. All of the property has been and still is used strictly for residential purposes, the price range of the homes starting at $20,000.
Section 1951 of the Real Property Actions and Proceedings Law provides as follows: “ 2. When relief against such a restriction is sought in an action to quiet title or to obtain a declaration with respect to enforceability of the restriction * * * or to obtain a declaration with respect to its enforceability, if the court shall find that the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason, it may adjudge that the restriction is not enforceable by injunction * * * and that it shall be completely extinguished upon payment, to the person or persons who would otherwise be entitled to enforce it in the event of a breach at the time of the action, of such damages, if any, as such person or persons will sustain from the extinguishment of the restriction.” This statute (eff. Sept. 1, 1963) codifies the doctrine of balancing interests (sometimes referred to as the doctrine of relative hardship), long recognized in Evangelical Lutheran Church v. Sahlem (254 N. Y. 161 [1930]). Ordinarily, where the residential area itself has not changed or deteriorated (and such is conceded here) the covenant is enforcible (Cummins v. Colgate Props. Corp., 2 Misc 2d 301, 305 [1956], affd. 2 A D 2d 749 [2d Dept., 1956] ; Kiernan v. Snowden, 123 N. Y. S. 2d 895 [Sup. Ct., Westchester County, 1953]; Bull v. Burton, 227 N. Y. 101 [1919]). Still, the courts of equity give or withhold decrees according to their discretion in view of the circumstances of each case (Trustees of Columbia Coll. v. Thacher, 87 N. Y. 311, 316 [1882]). A court of equity will not enforce a restrictive covenant when it appears that the injury to the defendant is not serious or substantial, and when enforcing it would subject the plaintiff to great inconvenience and loss. Courts of equity take jurisdiction in these cases in protecting the rights of *719 defendants, such as these, to prevent irreparable injury to the enjoyment of their property rights, even though the same are without damage, but not to protect a mere preference (Forstmann v. Joray Holding Co., 244 N. Y. 22, 29-30 [1926]). Where the character of a neighborhood has undergone a change so that enforcement of the covenant would cause damage without a benefit, it has been held that since the restrictive covenant is no longer effective, enforcing it could not restore the character of the neighborhood (Lo Medico v. Conway, 201 Misc. 663 [1951]). Where the change is such that the restriction has become valueless to the property of the defendants and onerous to the property of the plaintiff (Todd v. North Ave. Holding Corp., 121 Misc. 301, 305 [1923], affd. 208 App. Div. 854 [2d Dept., 1924]; Schultheis v. Wohlleb, 231 App. Div. 851 [2d Dept., 1930]), a restrictive covenant will not be enforced. If the extinguishment of the restrictive covenant is to be based on a change in the neighborhood, the burden of showing such a change is upon the party who wishes the covenant extinguished. Alterations in the character of an adjacent area are not indicative of deterioration nor are they persuasive that the covenants have been rendered obsolete (Normus Realty Co. v. Disque, 20 A D 2d 277, 280-281 [1st Dept., 1964]). The mere facts that the violation of the covenant is slight and that those that seek to enforce it have suffered no damage do not deprive them of their right to enforce the covenant (Levitan v. Moses, 301 N. Y. 531, 532 [1950]). Even where a substantial change in the character of the neighborhood has been shown to exist, relief from the restricting covenant will not be afforded where the restrictions are shown to be of substantial value to the property to which the covenant appertains (Congregation Khal Chasidim v. Congregation Beth El, 19 A D 2d 622 [2d Dept., 1963]).
While the action instituted by the plaintiff before the Town Zoning Board of Appeals was appropriate, and the action of that board was proper in the imposition of reasonable conditions upon the plaintiff (Church v. Town of Islip, 8 N Y 2d 254 [1960]), despite the change of zoning, the defendants still “ have the right to insist upon adherence to the covenant” (Lefferts Manor Assn. v. Fass, 28 Misc 2d 1005, 1007 [Sup. Ct., Kings County, 1960]; Nemet v. Edgemere Garage & Sales Co., 73 N. Y. S. 2d 921 [Sup. Ct., Queens Co., 1947]). In the Nemet case, the then Justice Froessel (later a Judge of the Court of Appeals) wrote at page 924: “ I do not find in the statute the legislative intention ascribed by the defendants, and if construed as urged by them, Section 35, in my opinion, would, assuming plaintiff had an easement in the street, deprive him of *720 property without due process of law, and be an unconstitutional exercise of the legislative power. The Board of Standards and Appeals may, within its powers, grant a permit to an owner, but it may not determine rights in real property.” (Emphasis supplied.)
The outcome of this controversy must be determined, then, under the equitable principles of law enunciated by Judge Cabdozo in Evangelical Lutheran Church v. Sahlem (254 N. Y. 161, supra). Both the plaintiff and defendants have cited this case in their briefs as supporting their respective contentions. Judge Cabdozo wrote at page 166: “ By the settled doctrine of equity, restrictive covenants in respect of land will be enforced by preventive remedies while the violation is still in prospect, unless the attitude of the complaining owner in standing on his covenant is unconscionable or oppressive.” (Emphasis supplied.) The plaintiff concedes that there are no “unconscionable or oppressive ” motives on the defendants’ part when it admits that “ these defendants sincerely believe that they will suffer financial loss if this restriction is released ’ ’. Since the ‘ ‘ ‘ parties had the right to determine for themselves in what way and for what purpose their lands should be occupied irrespective of pecuniary gain or loss ’ ” (Evangelical Lutheran Church v. Sahlem, 254 N. Y. 161, 167, supra), and since the defendants “ insist upon adherence to a covenant which is now as valid and binding as at the hour of its making ” (ibid., p. 168), even though some of the “ neighbors are willing to modify the restriction and forego a portion of their rights ” {ibid., p. 168), and since the defendants believe “ that the comfort of [their] dwelling will be imperiled by the change, and so [they chose] to abide by the covenant as framed * * * ” {ibid., p. 168), the choice is for them only. Further, in this case, as in the Sahlem case, “ the building is yet a plan, the work on it preliminary ” {ibid., p. 169). Finally, “ In the award of equitable remedies, there is often an element of discretion, but * * * discretion * * * 1 must be regulated upon grounds that will make it judicial ’ ” {ibid., p. 167). Since these defendants are “satisfied with the existing state of things” and refuse to disturb it, they “ will be protected in [their]- refusal by all the power of the law ” {ibid, p. 168).
Accordingly, the motion of the plaintiff is denied and the complaint is dismissed.