Charles B. Brasser, J.
This action is brought under section 1951 of the Beal Property Actions and Proceedings Law, formerly section 346 of the Beal Property Law, for declaratory relief extinguishing certain old tract restrictions imposed in 1912 on property in the Town of Brighton, Monroe County, New York. The parcel involved herein is a part of a larger tract known as Highland Grove.
On October 5, 1912, by deed recorded in the Monroe County Clerk’s office in Liber 901 of Deeds at page 134, Hagaman and Hudson Bealty Company, predecessors in title to both the *142 plaintiffs and the defendants, obtained title to a 71.92-acre parcel, which parcel in part was subdivided into a subdivision known as the aforesaid Highland Grove. Highland Grove is subdivided on a map recorded in Monroe County Clerk’s office in Liber 29 of Maps at page 20. This subdivision is bounded on the north by Highland Avenue, on the west by Clinton Avenue South, and on the south by Elmwood Avenue.
Plaintiff, Clintwood Manor, Inc., owns a small re-subdivided portion of Highland Grove, which it has contracted to sell to plaintiff, Socony Mobil Oil Company, Inc., known as Lot RB. This lot is located on the northeast corner of the intersection of Clinton Avenue South and Elmwood Avenue, which is also the southwesterly corner of Highland Grove .subdivision. Lot RB is a re-subdivision of original Highland Grove Lots Nos. 134 to 136.
The defendants are owners of other lots with homes .on them in the northerly portion of Highland Grove and constitute a /minority of the original lot owners. The owners of the remainder of the original lots do not oppose the extinguishment of the tract restrictions involved.
All deeds by which the aforesaid Hagaman and Hudson Realty Company conveyed parcels or lots in Highland Grove to individual purchasers contained restrictive covenants as follows: “ That the premises shall be used for the usual and ordinary purposes of a residence or dwelling and not otherwise. No dwelling shall be built upon any lot in Highland Grove Tract, fronting on Highland Avenue to cost- less than $4,000, or on Clinton Avenue, Elmwood Avenue or Parkwood Avenue, to cost less than $3,000, or on Chelsea Avenue or Westerloe Avenue to cost less than $2,500, or on any other street of said tract to cost less than $2,000. No building . shall be erected on any lot on Highland Avenue less than 50 feet, or on Clinton Avenue, Elmwood Avenue or Parkwood Avenue, less than 40 feet, or on any other street less than 25 feet from the front line of said lot. Said lot shall not be used for manufacturing purposes and no intoxicating liquors shall be made or sold on said lot. No building shall be erected or maintained on any lot in said tract for a public stable or public garage, but a private stable or garage may be erected on the rear part of said lots and no stable or garage erected on corner lots shall stand less than 20 feet from the side street lot line. No bill or sign board shall be erected upon any lot in said Highland Grove Tract ”.
These restrictions permit single-family as well as apartment use. The tract has remained strictly residential, and no com *143 mereial enterprise has ever invaded its boundaries. At one time, however, the City of Rochester purchased a lot within the tract for the purpose of building a water pumping station thereon, but the purchase was conditioned upon the city’s agreeing to build the pumping station so that it appeared to be a residential building, which it did. The pumping station is not in existence, the building has been demolished, and the tract boundaries are still without violation.
The plaintiff, Socony Mobil Oil Company, Inc., seeks to operate a gasoline station on the parcel of land known as Lot RB. This lot is within the area controlled by the restrictive covenants hereinbefore set forth, and on the corner of the intersection formed by Elmwood Avenue and Clinton Avenue South.
It appears from the evidence that plaintiff, Clintwood Manor, Inc., purchased lots in the Highland Grove subdivision April 8, 1959; that such land was vacant when purchased and that said corporation knew of the restrictions applicable thereto; that since that time the purchased area has been developed with single- and multiple-family residences. To bring about this development the lots within the subdivision were sold either by Clintwood Manor, Inc. or its grantees, Ensign Corporation and Clintwood Elmwood Corporation, subject to restrictions relating to the use of the same for residential purposes. It also appears from the evidence that the creation and reservation of Lot RB and particularly the size thereof was by act of Clintwood Manor, Inc. by reason of its previous conveyancing.
In January, 1963, the Town of Brighton granted plaintiffs a special permit under the Zoning Ordinances of the Town of Brighton to construct and operate a gasoline station on the property known as Lot RB. (See Lefferts Manor Assn. v. Pass, 28 Misc 2d 1005.) It further appears that Clintwood Elmwood Corporation released plaintiff, Clintwood Manor, Inc., from tract restrictions imposed at the time of conveyance to Clintwood Elmwood Corporation as they might affect Lot RB.
It further appears from the evidence that Lot RB is 142 feet by 156 feet by 148 feet by 126 feet; that property owned by the various defendants is no closer than 1,500 feet to Lot RB; that proposed commercial establishments within 1,500 feet of the subject property are contemplated but without the restricted area; that an expressway is proposed for the area which would probably eliminate two of the existing gas stations at the corner of Elmwood and Clinton Avenues as well as the N. C. Freed Building; that the N. C. Freed Building is a commercial building near the subject property but outside the restricted area; that it is not economically feasible to develop Lot RB for apartment *144 .use. There was also evidence to the effect that Lot BB would be most economically feasible if used for a commercial or business enterprise.
, It further appeared from the evidence and I so find that the defendants Adams purchased three lots within the Highland Grove subdivision; that they purchased with knowledge of the restrictive covenants, relied upon the same and would not have purchased their property had the restrictive covenants not been in effect.
¡Section 1951 of the Beal Property Actions and Proceedings Law codifie's the doctrine of balancing interests, also referred to ^as the doctrine of relative hardship. As pointed out in the case of Mohawk Containers v. Hancock (43 Misc 2d 716), ordinarily, where the residential area itself has not changed or deteriorated, the covenant is enforcible but a court of equity has discretion to .give relief from such covenants where the facts and circumstances justify such relief. However the mere facts that the violation of a covenant is slight and that those that seek to enforce it have suffered no damage do not deprive them of their right to enforce the covenant. (Levitan v. Moses, 301 N. Y. 531, 532.)
In the action before the court there is no showing of any change or deterioration of the residential area within the restricted zone. The fact that zoning ordinances have been changed, or a permit issued to plaintiffs to construct and operate a gasoline service station in the restricted area, does not defeat the right of a party to insist upon enforcement of the restriction. (Lefferts Manor Assn. v. Fass, supra; Nemet v. Edgemere Garage & Sales Co., 73 N. Y. S. 2d 921.)
While defendants may have waived, within prescribed limits, their rights under the 1912 restrictive covenant, by permitting the erection of apartment ¡buildings in the restricted area, they have not waived the restrictions to permit the erection of strictly commercial buildings. The granting of the relief sought may well be the establishment of a precedent which can be the entering wedge for the complete emasculation of the restrictive covenant. This court is unwilling to permit so radical a step at this stage of the development of the Highland Grove area.
Belief against violation of a restrictive covenant will not be withheld because the money damage is unsubstantial. (Levitan v. Moses, supra; Evangelical Lutheran Church of Ascension of Snyder v. Sahlem, 254 N. Y. 161.)
Injunctive remedy is one which must be exercised with great caution and only then when the right to it has been clearly demonstrated. (Thompson Constr. Corp. v. Dormitory Auth., *145 of State of N. Y., 48 Misc 2d 296; Forstmann v. Joray Holding Co., 244 N. Y. 22; Lyon v. Water Comrs. of City of Binghamton, 228 App. Div. 585, 590; Gambrill Mfg. Co. v. American Foreign Banking Corp., 194 App. Div. 425, 432.)
The burden of showing change in a neighborhood, to evidence frustration of a restriction, is upon the party attacking the covenant. In the opinion of this court the plaintiffs have failed to sustain the burden, and there is no sufficient showing of a change of conditions in the restricted area to justify the conclusion that the restriction has become valueless to the property of the defendants and onerous to the property of the plaintiff, Clintwood Manor, Inc., independently of its own acts of control, nor the contract vendee, Socony Mobil Oil Company, Inc.
In the opinion of this court the reasoning and determination of the court set forth at length in the cases of Normus Realty Corp. v. Disque (20 A D 2d 277, affd. 16 N Y 2d 912) and Evangelical Lutheran Church of Ascension of Snyder v. Sahlem (supra), are persuasive and applicable to the case at bar, and the court finds for the defendants herein.
Judgment is granted to the defendants remaining in the action dismissing the complaint and declaring that the covenants, restrictions and easements common to the tract are applicable to each lot therein.