20 N.Y.2d 77 (1967)
Rose Zaccaro et al., Respondents,
v.
Congregation Tifereth Israel of Forest Hills, Inc., Appellant.
Court of Appeals of the State of New York.
Argued May 22, 1967.
Decided June 1, 1967.
Stanley H. Lowell and Paul Shilkoff for appellant.
Benjamin Machinist for respondents.
Chief Judge FULD and Judges VAN VOORHIS, BURKE, SCILEPPI, BERGAN, KEATING and BREITEL concur.
*79 Per Curiam.
Defendant congregation appeals from an order of the Appellate Division, Second Department, affirming a judgment of the Supreme Court, Queens County, permanently enjoining it from using certain premises owned by it for any *80 other purpose than as a dwelling house for the occupancy of a single family.
The premises in question, located on 69th Road in Forest Hills, Queens, City of New York, were purchased by the defendant in 1965, with defendant intending to use the property as a residence for its rabbi and as a synagogue. Since 1946 the premises had been used by a congregation of the Seventh Day Adventists as a chapel and as religious administration offices. The Seventh Day Adventists had been granted a certificate of occupancy by the City of New York for use of the building for such purposes.
The basis for this lawsuit, initiated by other property owners in the area only after sale of the premises to the defendant congregation, is a restriction against the erection of "any building except a dwelling house for the use and occupancy of not more than one family" placed upon all parties' lots by restrictive covenants inserted in all deeds to lots in their subdivision by the parties' common grantor.
On this appeal defendant challenges plaintiffs' claim of standing to enforce these restrictions, raising a number of points directed at that issue, but we need not reach this question, as, even assuming plaintiffs' standing to sue on the covenants, we hold it was error as a matter of law for an injunction to issue restraining defendant from using its property in the same fashion in which it had been openly and continuously used, without any objection by neighborhood property owners, for 18 years before defendant's purchase of it. (See Forstmann v. Joray Holding Co., 244 N.Y. 22, 29.) While it is true that mere delay, without prejudice, will not bar the allowance of equitable relief (Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310, 318), where a party's delay in asserting his rights has become unconscionable and where the party against whom the alleged right is sought to be asserted has been induced by such delay to incur expense or take other measures which will now result in prejudice to it if the long-delayed request for equitable relief is granted, a court of equity ought to refuse to aid the party so belatedly seeking to assert his claimed rights. (See Forstmann v. Joray Holding Co., supra, pp. 31-32; see, also, Evangelical Lutheran Church v. Sahlem, 254 N.Y. 161, 166.) Plaintiffs' delay in this case and its effect upon defendant were of such a character.
*81 The order of the Appellate Division and the judgment of the Supreme Court should be reversed, the injunction dissolved and plaintiffs' complaint dismissed.
Order of Appellate Division reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein.