CLINTWOOD MANOR, INC., et al., Appellants, *v.* JOSEPH T. ADAMS et al., Respondents.

Fourth Department, February 22, 1968.

*Harris, Beach, Wilcox, Dale & Linowitz (Henry W. Williams, Jr.,* of counsel), for appellants.

*Robinson, Williams, Brown, Robinson & Angeloff (Mitchell T. Williams* of counsel), for respondents.

*Per Curiam.* Plaintiffs appeal from a dismissal of their complaint in an action brought under section 1951 of the Real Property Actions and Proceedings Law (formerly Real Property Law, § 346) to extinguish restrictions on the use of real property owned by plaintiffs and described as Lot RB on a resubdivision of Highland Grove subdivision. These restrictions were imposed by a conveyance in 1914 and limited the premises " for the usual and ordinary purposes of a residence or dwelling and not otherwise ". Most of the land in question had remained vacant for many years. A portion of it was used for the construction of garden-type apartments. The general neighborhood surrounding the property in question has been, in part, developed commercially. More than 40% of the property in the general locality has been rezoned by the town to permit uses other than single-family residences. The plaintiffs' property has been rezoned to permit commercial use and a permit has been granted for the construction and operation of a gasoline station. This property is located on the southwesterly corner of Highland Grove subdivision at the intersection of Clinton Avenue South and Elmwood Avenue, the latter being one of the most heavily

travelled thoroughfares in the area. Each of the other three corners of the intersection has for some time been occupied by an operating gasoline station.

The problem is basically one of balancing the equities (*Evangelical Lutheran Church* v. *Sahlem*, 254 N. Y. 161; *McClure* v. *Leaycraft*, 183 N. Y. 36; *Trustees of Columbia Coll.* v. *Thacher*, 87 N. Y. 311; *Koch* v. *Nestle*, 27 A D 2d 633; 4 Warren's Weed, N. Y. Real Property, Restrictive Covenants, § 3, p. 728 *et seq.*; 13 N. Y. Jur., Covenants and Restrictions, § 105 *et seq.*). "Equity may refuse to enforce a restrictive covenant upon the ground of change of conditions only where it is established that the change is such that the restriction has become valueless to the property of the plaintiffs and onerous to the property of the defendants" (*Cummins* v. *Colgate Props. Corp.*, 2 Misc 2d 301, 306, affd. 2 A D 2d 749). However, it is equally clear that a restrictive covenant should not be continued for "Inequity there may be in standing on the letter of a covenant when the neighborhood has so altered that the ends to be attained by the restriction have been frustrated by the years" (*Evangelical Lutheran Church* v. *Sahlem, supra,* p. 167).

The record amply demonstrates that the 1914 restrictions are "of no actual and substantial benefit to the persons seeking its enforcement * * * by reason of changed conditions or other cause, its purpose is not capable of accomplishment" (Real Property Actions and Proceedings Law, § 1951, subd. 2). Fewer than 10 of the original 407 lots in Highland Grove have had residences constructed upon them. The record contains no evidence showing that defendants would be in any way harmed by extinguishing the restrictions. The rezoned area of the Highland Grove subdivision separates plaintiffs' property from any property zoned for single-family residential use by 850 feet in an easterly direction and 1,320 feet in a northerly direction. Plaintiffs' property measures 142 feet by 156 feet and 148 feet by 126 feet. Under the circumstances, it is most unlikely that anyone would be interested in building a one-family residence on this lot. Therefore, two of the case-law requirements are satisfied, i.e., removal of the restrictions will not harm defendants and their existence does harm plaintiffs. The burden of proof is upon the plaintiffs and the record demonstrates that they have amply met that burden (*Normus Realty Corp.* v. *Disque,* 20 A D 2d 277, 280, affd. 16 N Y 2d 912).

Defendants argue that the fact that a majority of the property owners in the area have released the restrictions is not material and cite *Evangelical Lutheran Church* v. *Sahlem* (*supra*). That case is distinguishable for the objecting owner was situated

next door to the proposed church site. The release of the restrictions by a majority of the property owners indicates that the releasing owners did not feel that the restrictions are of substantial benefit. Each case involving the issue at bar depends upon its own particular facts. The changed circumstances which have occurred in the 54 years since the imposition of the restrictions indicate that in the exercise of sound discretion it would be inequitable to deny the relief sought by the plaintiffs. The purpose of the restrictions is not capable of accomplishment and this is a classical case for the relief provided for by section 1951.

The judgment dismissing the complaint and declaring the validity and enforcement of the restrictive covenants should be reversed and a judgment directed for plaintiffs declaring that the restrictions created on October 5, 1914 are invalid and should be extinguished.

BASTOW, J. P., GOLDMAN, DEL VECCHIO, MARSH and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts, without costs, and judgment entered in favor of plaintiffs.