■  CENTRAL AIR TERMINAL, INC., Appellant, et al., Plaintiffs, v. TRANSPORTATION CORPORATION OF AMERICA, Doing Business as TRANS CARIBBEAN AIRWAYS, INC., Respondent.— Order, entered on April 23, 1969, denying plaintiff's motion for a temporary injunction restraining defendant from operating an airline ticket office in violation of the terms of a restrictive covenant, unanimously reversed on the law, the facts and in the exercise of discretion, with $30 costs and disbursements to plaintiff-appellant, and motion granted. Defendant is a party to an "Interline Agreement", which provides for the allocation of counter space for the sale of airline tickets to the shareholder airlines of plaintiff-corporation. Paragraph 9 of that agreement contains an unambiguous and reasonable covenant prohibiting shareholder airlines from maintaining offices for the sale of transportation within a limited area in midtown Manhattan. Defendant, which does maintain two offices within close proximity to the restricted area, has now opened an office within the restricted area itself — in clear violation of the terms of its agreement with plaintiff. A clear legal right to the relief sought has been demonstrated by plaintiff and defendant has shown nothing of an equitable or legal nature to move this court, as a matter of discretion, to deny the requested relief. (*Evangelical Lutheran Church* v. *Sahlem*, 254 N. Y. 161.) Plaintiff is directed to file an undertaking in the sum of $2,500. Concur — Capozzoli, J. P., Tilzer, Markewich and Steuer, JJ.

■  ARIS STEAMSHIP CO., LTD., Respondent, v. WORLDWIDE CARRIERS, LTD., et al., Respondents, and MARINE MIDLAND GRACE TRUST COMPANY OF NEW YORK, Appellant.— Order, entered February 14, 1969, unanimously reversed and vacated on the law and the facts but with $30 costs and disbursements to be paid by appellant garnishee, and motion to hold garnishee in contempt denied, without prejudice to renewal, on condition, however, that the garnishee, by its officers and employees having knowledge of the facts, submit itself to examination to be conducted before Hon. Samuel Coleman, who is hereby appointed Referee for such purpose with power to rule upon and determine all objections and questions concerning the relevancy, competency and materiality of questions asked and testimony rendered on the examination. The garnishee is hereby directed to appear for such examination at such times and places as may be designated by the Referee and shall submit to an examination as to all information possessed by it regarding any property in which the defendant (Worldwide Carriers, Ltd.) has an interest including any account or property in its custody in which it has reason to believe such defendant has an interest and any debts owing to it by the garnishee. (See CPLR 6214, subd. [b]; 6219, 6220.) On the completion of the examination, the Referee shall report his proceedings to Special Term, together with his fees and the costs of the reference, and the garnishee shall pay such fees and costs. Concur — Stevens, P. J., Eager, Capozzoli, Nunez and Steuer, JJ.