■ JOSEPH J. MEWSHAW, Appellant, v BROOKLYN LAW SCHOOL, Respondent.—In a proceeding to compel respondent to readmit petitioner as a student, petitioner appeals from a judgment of the Supreme Court, Kings County, dated October 8, 1975, which dismissed the petition. Judgment affirmed, without costs or disbursements. The record on this appeal discloses no abuse of the discretion with which school administrations are vested to determine the eligibility of applicants and reinstatement standards (see *Matter of Lesser v Board of Educ.,* 18 AD2d 388). Gulotta, P. J., Hopkins, Latham and Shapiro, JJ., concur.

■ ALBERT NURSE et al., Respondents, v DAYTON SUPPLY CORP. et al., Appellants, and FIFTH AVENUE PLUMBING SUPPLY CO., INC., Respondent. (And Third-, Fourth-, and Fifth-Party Actions.)—In an action to recover damages for personal injuries, etc., defendants Dayton Supply Corp. and Charles McConnell, Inc., appeal from an interlocutory judgment of the Supreme Court, Kings County, entered September 26, 1975, which, after a jury trial on the issue of liability only, *inter alia,* is in favor of plaintiffs and against the said defendants. Interlocutory judgment reversed, on the facts and in the interest of justice, and new trial granted as to all parties and all causes, with costs to abide the event. The verdict is against the weight of the evidence. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ 111 BLOOMINGDALE REALTY CORP., Respondent, v TOWN OF OYSTER BAY, Appellant, et al., Defendants.—In an action to declare certain restrictive covenants void and extinguished, the defendant Town of Oyster Bay appeals from so much of an order of the Supreme Court, Nassau County, dated September 2, 1975, as denied its motion to dismiss the complaint for failure to state a cause of action. Order affirmed insofar as appealed from, with $50 costs and disbursements. Liberally construed, the complaint states a cause of action under subdivision 2 of section 1951 of the Real Property Actions and Proceedings Law to extinguish restrictive covenants. Plaintiff has sufficiently alleged the elements of that cause of action, to wit, (a) that conditions have changed and (b) that it would be inequitable to enforce the restrictions because they do not harm defendant (the ends to be attained by the restrictions have been frustrated by the years), but do harm plaintiff (see *Clintwood Manor v Adams,* 29 AD2d 278, affd 24 NY2d 759). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.