■ MEADOW RUN DEVELOPMENT CORPORATION et al., Respondents, v ATLANTIC REFINING AND MARKETING CORPORATION, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered January 10, 1989 in

Warren County, which granted plaintiffs' motion for summary judgment.

Plaintiff Meadow Run Development Corporation is the equitable owner of real property located on Aviation Road in the Town of Queensbury, Warren County.* Defendant is the owner of premises (hereinafter the subject premises) which is adjacent to plaintiff's property. In 1965, plaintiff's predecessor in interest, Charles Reeves Wood, and defendant's predecessor in interest, Bovia Corporation, agreed to bind themselves and "their respective heirs, personal representatives, successors and assigns" to the following restrictive covenants upon the subject premises:

"A. No hotel, motel, restaurant, cafeteria or delicatessen store shall be erected, maintained or operated thereon.

"B. Any building or other structure erected thereon shall have its front wall parallel with, and not closer than eighty (80) feet to the present southerly right-of-way line of Aviation Road, and no part of any building or other structure shall be erected closer than fifty (50) feet northerly from the present southerly lines of said premises. * * *

"D. The exterior of motor vehicle service stations and buildings for the sale of petroleum products shall be constructed only of brick or stone, and shall be of colonial design."

The 1965 agreement was recorded in the County Clerk's office in March 1966. Thereafter, Bovia leased the subject premises and the lessee operated a gasoline service station of colonial design.

Subsequent to October 1, 1976, Bovia and its lessee reconstructed and redesigned the service station so as to eliminate its colonial appearance and to change its use to a store serving fast foods and selling grocery items. They also applied to the town's Zoning Board for a permit to construct a canopy over the self-service gasoline pumps on the subject premises. In response, Wood obtained a preliminary injunction enjoining Bovia and its lessee from violating the 1965 agreement and, in particular, from erecting the proposed canopy and selling prepared foods or hot snacks. The injunction also prohibited erecting a structure in violation of the setback restrictions contained in the 1965 agreement.

In May 1978, after notice of appeal from the order granting

---

* Plaintiff Highway Hosts, Inc., is the lessee and operator of certain businesses situated on said property. However, all references to plaintiff are to Meadow Run Development Corporation only.

the preliminary injunction was filed, Wood, Bovia and Bovia's lessee entered into a "stipulation discontinuing action" and agreed that Bovia and its lessee would not erect or attempt to erect any canopy on the subject premises and Wood would forebear enforcement of the restrictive covenant as it related to the sale of food, use of the premises as a convenience grocery store and maintenance of the colonial exterior design. Wood subsequently conveyed his property to plaintiff and Bovia conveyed the subject premises to its lessee, which then conveyed it to defendant.

In January 1988, defendant erected a canopy over the gasoline pumps on the subject premises. The canopy was less than 80 feet from the Aviation Road right-of-way. In response, plaintiffs commenced an action to enforce the 1965 restrictive agreement and 1978 stipulation agreement. After joinder of issue, plaintiffs moved for summary judgment. Supreme Court granted the motion, enjoined defendant from operating a restaurant, maintaining the building in a noncolonial design and maintaining a canopy on the subject premises, and ordered appropriate remedial action. This appeal by defendant ensued. We affirm.

Defendant acquired the subject premises with notice of the restrictive agreement which had been recorded in 1966 (see, Real Property Law § 291; Doyle v Lazarro, 33 AD2d 142, 143, affd 33 NY2d 981). Although restrictive covenants generally are enforceable against subsequent purchasers with notice (see, Gordon v Incorporated Vil. of Lawrence, 84 AD2d 558, 559, affd 56 NY2d 1003), they will not be enforced in inequitable circumstances, such as where there is a change of character of the surrounding area which obviates the purposes of the restrictions (see, Evangelical Lutheran Church v Sahlem, 254 NY 161, 167), where the party seeking enforcement is guilty of laches (see, Goodfarb v Freedman, 76 AD2d 565, 570-573) or where enforcement would result in a detriment disproportionate to any benefit (see, Evangelical Lutheran Church v Sahlem, supra). Here, there is no indication that the character of the surrounding area has changed so that there is no inequity in enforcing the restriction for this reason. Likewise, there is no evidence that defendant has been prejudiced by any alleged laches so enforcement of the restrictions is not inequitable for this reason (see, Goodfarb v Freedman, supra). Similarly, removal of the canopy, restoration of the building's exterior and restriction against operating a restaurant or convenience store are not disproportionate detriments to defendant as restrictive covenants are enforceable even where removal of a

structure or termination of a particular business use occurs *(see, Incorporated Vil. of Babylon v Anthony's Water Cafe,* 137 AD2d 792, *appeal dismissed* 72 NY2d 951, *lv denied* 73 NY2d 703; *Goodfarb v Freedman, supra),* especially considering that defendant had at least constructive notice of the restrictions and undertook any disallowed activities at its own risk.

Finally, we hold that defendant's contention that plaintiff was bound by the stipulation agreement entered into by the parties' predecessors in interest is without merit. The terms of the stipulation agreement expressly provide that the 1965 restrictive agreement would remain in full force and effect and were only a limitation on plaintiff's predecessor's ability to enforce certain restrictions. Thus, plaintiffs are free to seek enforcement of the restrictive covenants here at issue.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.