■ JOHN TORRILLO, Respondent, v. GREATER NEW YORK ASSOCIATION, INC., Appellant.— In a negligence action to recover damages for injuries sustained by plaintiff when he fell on a stairway in defendant's premises, the fall allegedly having been caused by the negligent failure of defendant to control the crowd of people on the stairway and to remove debris therefrom, defendant appeals from an order of the Supreme Court, Kings County, dated June 10, 1960, made on reargument, granting plaintiff's motion to set aside the jury's verdict in favor of defendant, and directing a new trial. The motion was made and granted because of error in the charge. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ CHARLES S. ZILAVY, Plaintiff, v. LOUIS OLORI, Doing Business as OLORI CRANE SERVICE, Defendant. LOUIS OLORI, Doing Business as OLORI CRANE SERVICE, Third-Party Plaintiff, v. ALBERT DAVIDSON, Third-Party Defendant. ALBERT DAVIDSON, Fourth-Party Plaintiff-Respondent, v. HUDSON VALLEY CONCRETE CORPORATION et al., Fourth-Party Defendants-Appellants.— In a negligence action to recover damages for personal injuries, in which defendant served a third-party complaint for indemnification, and in which the third-party defendant served a fourth-party complaint for a declaratory judgment that plaintiff's accident was within the coverage of an automobile liability policy issued by the fourth-party defendant insurance company to the fourth-party defendant Hudson Valley Concrete Corporation, both of said fourth-party defendants appeal from an order of the Supreme Court, Dutchess County, dated July 29, 1960, and entered in Orange County on October 5, 1960, which denied *without prejudice,* their motion for summary judgment dismissing the fourth-party complaint, pursuant to rule 113 of the Rules of Civil Practice. Appeal dismissed, without costs; the order is not appealable. (See *Richman* v. *Felmus,* 8 A D 2d 985 [No. 29]; *Kalmanash* v. *Weinstein,* 271 App. Div. 788; *Weinrib* v. *American Binder Co.,* 270 App. Div. 914.) If the motion shall be renewed, the opposing affidavit or affidavits should be made by a person or persons having knowledge of the facts (Rules Civ. Prac., rule 113). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ LEFFERTS MANOR ASSOCIATION, INC., et al., Respondents, v. BROCKTON ASSOCIATES, INC., Appellant, et al., Defendant.— Motion by respondents to dismiss appeal granted, with $10 costs; appeal dismissed. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.