■ JAY F. GORDON et al., Appellants, v INCORPORATED VILLAGE OF LAWRENCE, Respondent. — In an action for a permanent injunction, which was submitted to the court for determination upon a "stipulation of undisputed facts", plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Derounian, J.), entered November 17, 1980, which dismissed the complaint. Judgment reversed, on the law, without costs or disbursements, injunction granted, and the defendant is permanently enjoined from using the subject parcel as a parking lot. Since February of 1969, the plaintiffs have been the

owners of a certain parcel of land in the Village of Lawrence, on which is located their one-family residence. Subsequently, the defendant village acquired a parcel of land immediately adjacent to the plaintiffs' property and in or about July of 1976 demolished the existing one-family dwelling which had been situated thereon. The village has since indicated that it intends to use this parcel as a parking lot, whereupon the plaintiffs commenced this action for a permanent injunction precluding such use. The stipulated facts establish that a former owner of the tract of land encompassing both parcels created a uniform scheme for the development of the entire tract through the use of restrictive covenants limiting any improvement of the land to the erection of private residences. It is undisputed that the prior recorded deeds in the direct chain of title to both the plaintiffs' and the defendant's parcels contain such restrictions. These restrictions are binding on all subsequent grantees with notice, and may be enforced by the owner of any parcel located within the restricted area (see *Huggins v Castle Estates,* 36 NY2d 427; *Chesebro v Moers,* 233 NY 75; *Korn v Campbell,* 192 NY 490; see, also, *Brandwein v Serrano,* 72 Misc 2d 95). Nevertheless, Special Term has declined to enforce the restriction on the ground that the plaintiffs have acquiesced to a prior violation, i.e., the construction in 1978 of two tennis courts upon a parcel of land adjoining the plaintiffs' property on the side opposite the proposed parking lot. In our view, the foregoing is insufficient. The plaintiffs are entitled to ignore inoffensive violations of the restriction without forfeiting their right to restrain others which they find offensive (see *Rowland v Miller,* 139 NY 93; *Cilberti v Angilletta,* 61 Misc 2d 13; *de Lima v Mitchell,* 49 Misc 171; see, also, *Chesebro v Moers, supra*). Alternatively, defendant asserts that the restriction is unenforceable since the character of the neighborhood has changed substantially. We disagree. The predominantly residential character of the restricted tract has remained, notwithstanding the construction of a number of tennis courts within its perimeter. (Seven courts, in all, have been constructed, five prior to the plaintiffs' acquisition of their property.) Thus, it has not been established that " 'the character of the neighborhood has so changed as to defeat the object and purposes for which the restrictions were imposed' " (see *Ginsberg v Yeshiva of Far Rockaway,* 36 NY2d 706, 707; *Evangelical Lutheran Church v Sahlem,* 254 NY 161, 166). Nor do the recreational facilities of the village (a golf course, a marina, tennis courts and a clubhouse), which lie outside of the restricted area, destroy the character of the restricted subdivision (see *Hayes v Leonard,* 30 AD2d 745; *Normus Realty Corp. v Disque,* 20 AD2d 277, affd 16 NY2d 912). Since the intended use would clearly violate the restrictive covenant, the defendant must be enjoined from employing its property in the manner proposed. In light of the foregoing, we need not address plaintiffs' further contention that defendant's amendment of its zoning ordinance to permit the use of the subject property as a municipal parking lot is invalid. We note only that such ordinance, if valid, cannot abrogate the limitations imposed on the property by the restrictive covenant (see *Lefferts Manor Assn. v Fass,* 28 Misc 2d 1005, app dsmd *sub nom. Lefferts Manor Assn. v Brockton Assoc.,* 13 AD2d 812). Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.