■ EDWARD J. REGAN, Appellant, v WILLIAM R. TOBIN et al., Respondents. — In an action to enforce restrictive covenants, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated October 21, 1980, as granted defendants' motion pursuant to CPLR 3212 for summary judgment and, in effect, denied the branch of his cross motion which was for summary judgment on his complaint. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, defendants' motion for summary judgment is denied and the branch of plaintiff's cross motion which was for summary judgment on his complaint is granted to the extent of directing defendants to remove their stockade fence. The defendants' corner lot and the plaintiff's lot adjacent to it in the Strathmore subdivision in Stony Brook, are both subject to restrictive covenants limiting the types of fences permissible in the subdivision. The covenants specifically forbid stockade fences on all lots and fabricated fences on corner lots. On other lots, fabricated fences are permitted in the rear yards if they do not exceed 42 inches in height and at the corners of any lot if they do not exceed 10 feet in length on any side and 3 feet in height. The covenants provide an exception to the extent necessary to conform to zoning requirements for fences around swimming pools. The Brookhaven Town Code requires outdoor swimming pools to be protected by fences between four and six feet in height above grade (Brookhaven Town Code, § 85-429, subds B, C). No such pool may be located in a front yard or within 15 feet of any outside or rear lot line (Brookhaven Town Code, § 85-429, subd D). The code does not prohibit the use of stockade fences. The portable swimming pool the defendants have installed in the rear yard of their lot is 16 feet in diameter and has a depth of 3 feet. To meet the code requirement that such a pool be fenced, the defendants have installed a six-foot-high rear yard stockade fence. Asserting that the fence blocks his view of a park, the plaintiff instituted this action to enforce the

restrictive covenants and to compel removal of the fence. In response to cross motions for summary judgment, Special Term has granted defendants' motion for summary judgment dismissing the complaint and, in effect, denied plaintiff's cross motion except insofar as it was directed to defendants' counterclaim for damages. Although the covenants declare that fences around swimming pools must comply with the local ordinances, "zoning ordinances do not abrogate limitations of use imposed by restrictive covenants" (*Lefferts Manor Assn. v Fass,* 28 Misc 2d 1005, 1006, app dsmd 13 AD2d 812; see 4 Rathkopf, Law of Zoning and Planning [4th ed], p 74-1; see, also, *Gordon v Incorporated Vil. of Lawrence,* 84 AD2d 558, affd 56 NY2d 1003). Under the covenants, stockade fences are prohibited throughout the subdivision, although other types of fabricated fences are permitted on all lots but corner ones. Since defendants' lot is at a corner, the covenant restriction most eligible to yield to the town code is the one prohibiting fabricated fences on corner lots, for such fences are permissible on other lots while stockade fences are banned on all lots. Therefore, the defendants may meet their code obligations by installing a fabricated fence which is not a stockade fence. Accordingly, there should be a reversal and the grant of summary judgment to the plaintiff directing the defendants to remove the stockade fence. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.