■ ROBERT L. DEAK, Appellant, v HEATHCOTE ASSOCIATION et al., Respondents.—In an action pursuant to RPAPL article 15 for a judgment declaring that certain restrictive covenants do not prohibit the plaintiff from selling a portion of his property for the construction of a single-family residence, the plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), entered April 30, 1986, as denied his motion for summary judgment on the first and second causes of action, granted those branches of the defendants' cross motion which were for summary judgment dismissing the first, second and fourth causes of action, and declared that the restrictive covenants apply to the plaintiff's property and do not constitute an unlawful restraint on alienation of the plaintiff's property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 1981 the plaintiff purchased a parcel of land located in the Heathcote section of Scarsdale. All properties in that area are burdened by a restrictive covenant which, *inter alia,* provides that "nor shall more than one residence be erected on the said plot * * * nor shall said plot be subdivided or sold except as a whole". This covenant may be altered or waived by the defendant the Heathcote Association, whose membership consists of property owners in the affected section.

Although the plaintiff's property has always been conveyed as a single parcel, it was originally designated as consisting of plots numbered 19 and 24 on a subdivision map filed in 1902. He therefore argues that the restrictive covenant was intended by its drafters to apply separately to each of the 24 plots of the Heathcote section shown on the original subdivision map *(see, Isaacs v Schmuck,* 245 NY 77, 83; *Kitching v Brown,* 180 NY 414, 427), and thus cannot be construed as preventing him from selling less than his entire parcel of land.

A review of the plaintiff's complaint, however, leads us to conclude that, in the context of this action, the merits of this contention need not be reached. The plaintiff does not seek to sell as a separate parcel the land corresponding to either lot number 19 or 24 on the 1902 subdivision map. Instead, he seeks a judgment declaring that he may separately convey those portions of his property which correspond to lot numbers 12 and 12-A as approved by the Planning Board of the

Village of Scarsdale in 1978. Since the plaintiff concedes that these lots are not identical to "original" lot numbers 19 and 24, a holding that the restrictive covenants apply only separately to lot numbers 19 and 24 would not afford the plaintiff the relief he specifically seeks. Moreover, because the plaintiff is not prevented from selling his property, the restrictive covenant cannot be said to constitute an unlawful restraint on alienation. Accordingly, summary judgment was properly granted to the defendants on the first and second causes of action.

We note that that branch of the defendants' cross motion which was for summary judgment dismissing the third cause of action was properly denied inasmuch as there remain material questions of fact as to whether changed conditions in the neighborhood render the restriction at issue of no substantial benefit to the defendants (see, RPAPL 1951; *Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253; *Board of Educ. v Doe,* 88 AD2d 108; cf., *Graham v Beermunder,* 93 AD2d 254, 262, *lv dismissed* 60 NY2d 553, 630; *Gordon v Incorporated Vil. of Lawrence,* 84 AD2d 558, 559, *affd* 56 NY2d 1003).

Finally, we note that the plaintiff's allegation that the defendant Heathcote Association's refusal to consent to a subdivision of his property was arbitrary and capricious fails to state a cognizable cause of action. Therefore, the plaintiff's fourth cause of action was properly dismissed. Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.