W. SHARP, Judge.
Siering appeals a final judgment that denied homeowners in the 0 Bar Ranchettes subdivision the right to enforce a restrictive covenant[1] which limited use of the lots to residential purposes. We reverse.
The Bronsons’ predecessors in title (parents of appellee Murray Bronson) purchased the 60 northern-most feet of Lot 9 (the Property) in 0 Bar Ranchettes. The Property is located directly across from a 60-foot road, but is not platted as an extension of that road. For approximately twenty years, the Bronsons used the Property as access to 120 adjoining acres, also owned by them, which harbored a cattle-ranching operation.
They then sought to sell the adjoining acreage and the Property to a third party, who proposed the development of a 149-unit residential subdivision. A road was to be constructed over the Property as the sole access to the new subdivision. Witnesses estimated that 1,500[2] cars per day would travel across the Property road going into and out of the subdivision. When Siering and the other homeowners objected, the Bronsons moved for a declaratory judgment.
The trial judge found that the homeowners had waived and abandoned their right to enforce the residential only use restriction[3] on the Property based on their acquiescence in the Bronsons’ use of it as access to their cattle-ranching operation. The judge also found that the Property was the sole access to the adjoining acreage and that to deny “the continued use of said 60 feet as access to the adjoining 120 acres” would hem-in or land-lock the acreage.
A long-continued waiver or acquiescence in the violation of a restrictive covenant may forfeit one’s right to enforce it, depending upon the facts shown to exist. Stephel v. Moore, 94 Fla. 313, 114 So. 455 (1927). However, acquiescence in a limited use which violates a restrictive covenant cannot be unilaterally expanded to include other offensive violations. Coffman v. James, 177 So.2d 25 (Fla. 1st DCA 1965). Other jurisdictions have reached similar results. For example, in Gordon v. Incorporated Village of Lawrence, 84 A.D.2d 558, 443 N.Y.S.2d 415, 416 (N.Y.App.Div.2d 1981), affirmed, 56 N.Y.2d 1003, 453 N.Y. S.2d 683, 439 N.E.2d 398 (N.Y.1982), the court held one may ignore inoffensive violations of a restriction without forfeiting one’s right to restrain offensive violations. There must be conscious acquiescence in persistent, obvious and widespread violations for waiver or abandonment to occur. See Lake St. Louis Community Ass’n v. Kamper, 503 S.W.2d 447 (Mo.App.1973). It occurs only where there is an intent to tolerate the specific use. 5 Powell, The Law of Real Property, 679[1] (1990); V Restatement of Property § 561 at 3307 (1944).
*249 Under the facts of this case, waiver or abandonment of the right to enforce the restriction with respect to construction of a public road cannot be shown by the homeowners’ acquiescence in the limited use made of the Property by the Bronsons. There is simply no resemblance to the tolerated use and the passage of 1,500 cars per day over the Property. Occasional use of a lot as a means to feed or service cattle cannot be construed as assent to a frequently used public roadway. See Austin v. Durbin, 160 Ind.App. 180, 310 N.E.2d 893 (Ind.App.1974) (occasional use of restricted lot as a means of access to a girl scout camp did not constitute acquiescence to the construction of a public road).
By this court’s decision, the Bron-sons are not denied access to their acreage.[4] We find the homeowners have, however, acquiesced in, and thereby waived and abandoned their right to enforce the restriction as to the Bronsons’ present use of the Property. We merely deny the proposed increased or expanded use of the Property as access to the acreage.
REVERSED.
DAUKSCH and HARRIS, JJ., concur.

. The subdivision plat and a Notice of Restrictions and Reservations were filed in Osceola County on December 21, 1967, prior to the purchase of the Property by the Bronsons’ predecessors in title.

. There was testimony that 1,500 auto trips per day would occur. The exact number, however, is irrelevant since the number of trips would necessarily far exceed the approximate twice daily trips of the Bronsons to feed the cattle.

.Use of a lot as a connecting street is neither a residential use nor incidental to such use. Thompson v. Squibb, 183 So.2d 30 (Fla. 2d DCA 1966).

. Nor is this a diminished value situation as the Property may continue to be utilized as it has been in the past. Thus, the value of the Property remains unchanged.