Matter of Manning v City Council of the City of N.Y. (2024 NY Slip Op 01116)

Matter of Manning v City Council of the City of N.Y.

2024 NY Slip Op 01116

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Scarpulla, J.P., Mendez, O'Neill Levy, Michael, JJ. 

Index No. 158809/21 Appeal No. 1777 Case No. 2023-03112 

[*1]In the Matter of Roger Manning, Petitioner-Appellant,
v
City Council of the City of New York et al., Respondents-Respondents. Christopher Marte, The City Club of New York, The Metro Area Governors Island Coalition, East River Park Action, New York City Friends of Clearwater, Inc., The South Street Seaport Coalition, Friends & Residents of Greater Gowanus, The Bowery Alliance of Neighbors, The Western Queens Community Land Trust, Kent Barwick and Tom Fox, Amici Curiae.

John R. Low-Beer, Brooklyn, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.
Charles Weinstock, New York, for amici curiae.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered December 9, 2022, insofar as appealed from as limited by the briefs, denying the amended petition to annul respondent City Council of the City of New York's May 27, 2021 amendment of the New York City Zoning Resolution and zoning map, upon the application of The Governors Island Corporation d/b/a The Trust for Governors Island (Trust), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court properly denied the petition insofar as it claimed that the challenged legislative action was arbitrary and capricious because it violated certain restrictive covenants contained in the deed that conveyed the 22-acre Governors Island National Monument (Monument) to the predecessor of the current owner of the Monument, nonparty U.S. National Park Service, and as incorporated in the deed conveying the remaining 150 acres to the Trust's predecessor and the deed transferring ownership to the Trust (see CPLR 7803[3]; NY City Zoning Resolution §§ 134-00 to 134-51 and Appendix). Petitioner concedes that he does not have standing to enforce the restrictive covenants (see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]). He nonetheless seeks to invalidate the challenged zoning amendments based on their alleged violation of the restrictive covenants.
Petitioner argues, among other things, that the restrictive covenants are equivalent to rules and regulations that the City of New York violated by rezoning the area in the particular manner approved. However, "the use that may be made of land under a zoning ordinance and the use of the same land under an easement or restrictive covenant are, as a general rule, separate and distinct matters, the ordinance being a legislative enactment and the easement or covenant a matter of private agreement" (Matter of Friends of Shawangunks v Knowlton, 64 NY2d 387, 392 [1985]). That is the case here, as the restrictive covenants were not enacted legislatively or promulgated by any administrative agency. Thus, as the Zoning Resolution "cannot abrogate the limitations imposed on the property by the restrictive covenant" (Gordon v Incorporated Vil. of Lawrence, 84 AD2d 558, 559 [2d Dept 1981], affd 56 NY2d 1003 [1982]), petitioner's claim  that the Zoning Resolution and map amendments were arbitrary and capricious because they violated the restrictive covenants  necessarily fails.
Petitioner's alternative contention, that the Zoning Resolution amendments violate the public trust doctrine, is unavailing. Whereas one subarea on the southern part of the island contains a 43-acre park and other areas (see Zoning Resolution § 134-03 and Appendix), petitioner proffers no evidence that the Trust plans to alienate or develop parkland for nonpark purposes; thus, the issue is not ripe for judicial review (see Matter of New York State Inspection, Sec. & Law Enforcement Empls., [*2]Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 240 [1984]; compare Matter of Avella v City of New York, 29 NY3d 425, 429, 431 [2017]; Friends of Van Courtlandt Park v City of New York, 95 NY2d 623, 627-630 [2001]; Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation, 22 NY3d 648, 654-655 [2014]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024