■ ROBERT L. DEAK et al., Appellants, v HEATHCOTE ASSOCIATION et al., Respondents. [595 NYS2d 556] —In an action pursuant to RPAPL article 15 for a judgment declaring that a certain restrictive covenant does not prohibit the plaintiffs from subdividing their property and declaring the restrictive covenant is unenforceable, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated October 29, 1990, which declared the restrictive covenant valid and

enforceable and prohibited the plaintiffs from subdividing their property.

Ordered that the judgment is affirmed, with costs.

In 1981 the plaintiff Robert Leslie Deak purchased a parcel of land located in the Heathcote section of Scarsdale. Subsequently, the plaintiff Robert Leslie Deak transferred the parcel by deed to himself and his wife, the plaintiff Robin Deak. All properties in the Heathcote area are burdened by a restrictive covenant which, *inter alia,* provides that "nor shall more than one residence be erected on the said plot * * * nor shall said plot be subdivided or sold except as a whole". This covenant may be altered or waived by the defendant Heathcote Association, whose membership consists of the property owners in the restricted section. However, the defendant Heathcote Association rejected the plaintiff Robert Leslie Deak's request for a waiver of the restriction. The plaintiffs then commenced this action for a judgment declaring the restriction unenforceable.

RPAPL 1951 (2) provides that a court may extinguish a restriction if "the restriction is of no actual and substantial benefit to the person seeking its enforcement or seeking a declaration or determination as to its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment". The issue in determining whether a restrictive covenant is unenforceable is not whether the party seeking the enforcement of the restriction obtains any benefit, but whether, in a balancing of equities, the restrictive covenant is of no actual and substantial benefit *(see, Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253).

The party claiming unenforceability of a restriction bears the burden of proving unenforceability *(see, Board of Educ. v Doe,* 88 AD2d 108, 118; *Nash v State of New York,* 61 AD2d 852, 855). Thus, the party seeking the extinguishment of the restriction must prove (1) lack of benefit derived from enforcement of the restriction, and (2) legally cognizable reason for the extinguishment of the restriction under RPAPL 1951, such as changed conditions which render the purpose of the restriction incapable of being accomplished *(see, Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, *supra; Board of Educ. v Doe, supra; see also, In re 523 E. Fifth St. Hous. Preservation Dev. Fund Corp.,* 79 Bankr 568).

In the present case, the plaintiffs, who seek to extinguish the restriction, failed to meet their burden of proof. The

plaintiffs failed to demonstrate that the purpose of the restriction was incapable of being accomplished owing to changed conditions in the restricted area. The parties agree that the purpose of the restriction is to maintain the exclusive residential nature of the area by restricting the subdivision of the properties. Although the defendant Heathcote Association in the past approved the subdivision of a few plots in the area, the evidence established that the area still maintains its exclusive residential nature. Thus, it cannot be said that the purpose of the restriction is incapable of being accomplished.

Moreover, the plaintiffs failed to demonstrate that a balancing of the equities favored the extinguishment of the restriction. Contrary to the plaintiffs' contention, the evidence established that the Association and its members placed a value on the restriction. The Association members' rejection of the plaintiffs' request for a waiver of the restriction was evidence of the restriction's value (see, Board of Educ. v Doe, 88 AD2d 108, 117, supra; Clintwood Manor v Adams, 29 AD2d 278, affd 24 NY2d 759). Additionally, the Supreme Court's determination that the restriction was the only reliable protection for maintaining the property values was supported by the evidence, and thus should not be disturbed. Although the parties' experts disagreed as to whether the restriction was necessary to maintain the value of the properties, issues of credibility are for the trier of fact, who had the opportunity to observe the witnesses (see, Ausch v St. Paul Fire & Mar. Ins. Co., 125 AD2d 43, 49).

Further, the plaintiffs failed to establish that they would suffer any undue hardship as a result of the enforcement of the restriction. The enforcement of the restriction will only deprive the plaintiffs of an unanticipated profit from the subdivision of their property. Moreover, when Robert Leslie Deak purchased the property he was aware of the restriction, thus any hardship on the plaintiffs was self-created and does not tip the balance of the equities in their favor. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.