■ In the Matter of THOMAS ZIMMERMAN et al., Appellants, v SEVEN CORNERS DEVELOPMENT, INC., et al., Respondents. [654 NYS2d 523] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1942 Stanley Tomaka imposed various restrictions on 93½ acres of property he owned in the Town of Hamburg. One of the restrictions, which were filed in the Erie County Clerk's Office, provided that only single-family homes were to be built on all but 2.9 acres of the property. In 1966 and 1976, petitioners purchased homes on the Tomaka property, to which the restriction concerning single-family homes applied. In 1986, in accordance with recommendations of the Town of Hamburg 2010 Master Plan, the Town changed the zoning classification for 40 acres of the Tomaka property from residential to commercial. In 1992 Tomaka's estate sold 63 acres, including the 40 that had been rezoned, to parties who later transferred the property to Seven Corners Development, Inc. (respondent). By contract dated June 24, 1994, respondent agreed to sell 20 acres of the restricted but rezoned property to Wal-Mart, which planned to construct and operate a retail store thereon.

Petitioners commenced this proceeding seeking a judgment declaring the restriction at issue to be enforceable, a preliminary injunction, and, in the alternative, damages arising from extinguishment of the restriction (*see,* RPAPL 1951 [2]). Supreme Court denied petitioners' motion for a preliminary injunction and, instead of appealing from that order, petitioners again moved for a preliminary injunction three months later. The court denied that motion and granted respondent's cross motion for summary judgment dismissing the petition. The court also granted respondent's request pursuant to RPAPL 1951 (1) to extinguish the restriction as it applied to the 40 acres of rezoned property, declaring the restriction to be "ineffective and invalid".

As the court properly determined, petitioners' second motion for a preliminary injunction was in fact a motion to reargue, and no appeal lies from an order denying reargument (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984).

The court properly extinguished the restriction pursuant to RPAPL 1951 (1) (*see, Clintwood Manor v Adams,* 29 AD2d 278, *affd* 24 NY2d 759). "The first and foremost factor to be considered [in determining whether to extinguish a restriction] is whether the property is capable of being put to the use required by the restriction[ ]" (*Board of Educ. v Doe,* 88 AD2d 108, 115; *see, Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 265). Here, the 1986 amendment to the Town of Hamburg zoning ordinance permitted commercial development and prohibited residential construction on the property now owned by Wal-Mart. Thus, the property is not capable of being put to the use required by the restriction. Moreover, petitioners, in attempting to show that the restriction was of "actual and substantial benefit" (RPAPL 1951 [1]), offered no proof "from which the importance or substantiality of that benefit could be measured, nor any dollars and cents proof by which it could be quantified" (*Orange & Rockland Utils. v Philwold Estates, supra,* at 266).

While the record supports the court's declaration, the court erred in dismissing the pleading (*see, Tumminello v Tumminello,* 204 AD2d 1067). We therefore reinstate the petition and, because the relief sought includes a declaratory judgment, we convert this proceeding to an action (*see, Matter of Committee to Preserve Character of Skaneateles v Major* [appeal No. 2], 187 AD2d 940, *lv denied* 82 NY2d 652). The court also erred in summarily denying petitioners' alternative request for damages. When a restriction on the use of land is extinguished, the persons seeking to enforce it are entitled to "such damages, if

any" that they will sustain from extinguishment of the restriction (RPAPL 1951 [2]). We therefore modify the judgment by vacating that part of the third decretal paragraph that dismissed the petition and denied damages and by converting this proceeding to an action. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.