■ NATURE CONSERVANCY et al., Plaintiffs, and MADALYN EISENBERG et al., Appellants, v SCOTT CONGEL et al., Respondents, et al., Defendant. [744 NYS2d 281] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Onondaga County (Tormey, III, J.), entered March 13, 2001, which, inter alia, granted defendant Scott Congel's first counterclaim in part and extinguished the restrictive covenant on two 10-acre parcels of real property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying in its entirety defendant Scott Congel's first counterclaim to extinguish the restrictive covenant, vacating the second and third decretal paragraphs and granting in its entirety the motion of plaintiffs Madalyn Eisenberg, Henry Eisenberg, M.D., Carol Dana and Sidney T. Dana, M.D. for a permanent injunction and as modified the judgment is affirmed with costs to plaintiffs.

Memorandum: Madalyn Eisenberg, Henry Eisenberg, M.D., Carol Dana and Sidney T. Dana, M.D. (plaintiffs), owners of real property for whose benefit a restrictive covenant was imposed in a deed from the predecessor in title of Scott Congel and Milestone Materials (defendants), commenced this action to enforce the restrictive covenant requiring that the property, known as the "Buffer Lands," remain in its "natural state." Plaintiffs further sought to enjoin Congel from destroying the "natural state" of the Buffer Lands by constructing a residence and erecting barriers thereon. On a prior appeal we reversed an order granting defendants' cross motions to dismiss the complaint, concluding that Supreme Court erred in determining that the restrictive covenant should be extinguished pursuant to RPAPL 1951 (1), and we reinstated the complaint and granted plaintiffs' motion for a preliminary injunction (*Nature Conservancy v Congel*, 253 AD2d 248, 253). Thereafter, the court conducted an evidentiary hearing to determine whether the restrictive covenant should be extinguished pursuant to RPAPL 1951 (2). Following the hearing, the court, inter alia, granted Congel's first counterclaim in part, based on its finding that the restrictive covenant was "of no actual and substantial benefit" to plaintiffs, and partially extinguished the restrictive

covenant on the approximately 461-acre parcel of real property owned by Congel to the extent of permitting the construction of five single-family residential homes on two 10-acre parcels and the construction of a perimeter fence on the entire parcel. That was error.

Initially, we note that the court was without authority to direct the partial extinguishment of the restrictive covenant. RPAPL 1951 (2) does not expressly provide for such partial extinguishment, nor is there any case law interpreting that section so as to permit partial extinguishment.

In any event, we conclude that defendants failed to meet their burden of proving the unenforceability of the restrictive covenant (*see Cody v Fabiano & Sons*, 246 AD2d 726, 727, *lv denied* 91 NY2d 814). Upon our review of the record, we conclude that defendants failed to prove that the restrictive covenant was "of no actual and substantial benefit" to plaintiffs (RPAPL 1951 [2]). " 'The first and foremost factor to be considered [in determining whether to extinguish a restriction] is whether the property is capable of being put to the use required by the restriction[ ]' " (*Matter of Zimmerman v Seven Corners Dev.*, 237 AD2d 892, 893, quoting *Board of Educ., E. Irondequoit Cent. School Dist. v Doe*, 88 AD2d 108, 115; *see Orange & Rockland Utils. v Philwold Estates*, 52 NY2d 253, 265). This is not a case in which, if the restrictive covenant is enforced, "there is no use whatsoever to which the restricted land can be put by [defendants]" (*Orange & Rockland Utils.*, 52 NY2d at 265). The property obviously is capable of remaining in its "natural state." In addition, Congel failed to establish that the equities in this case weigh in his favor. Congel admittedly purchased the property at a substantially reduced price with full knowledge of the restrictive covenant. Thus, any hardship on his part was self-created (*see Cody*, 246 AD2d at 728). We therefore modify the judgment by denying in its entirety Congel's first counterclaim to extinguish the restrictive covenant. In view of our decision, the judgment must be further modified by vacating the second and third decretal paragraphs and granting in its entirety plaintiffs' motion for a permanent injunction. Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.