■ JUDITH A. SMITH et al., Respondents, v RAYMON W. SHEPPARD et al., Appellants. [754 NYS2d 122] —Spain, J. Appeals (1) from an order of the Supreme Court (Aulisi, J.), entered February 20, 2002 in Warren County, which, inter alia, granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

In September 1988, the limited partnership of Hiland Park, through a general partner, recorded in the Warren County Clerk's office a document entitled "Hiland Park—Declaration of Covenants, Easements, Restrictions and Conditions" (hereinafter the restrictions) applicable to the subdivision of "Masters Common North" in the Town of Queensbury, Warren County. The restrictions expressly state, in part, that (1) swimming pools are prohibited on certain lots, (2) fences are prohibited on all lots without prior approval by Hiland Park, and (3) all trailers, camper trailers, mobile homes and/or recreational vehicles must be "kept completely within a closed garage." Defendants purchased lot number 12 in the subdivision by deed dated June 23, 2000, which states that the lot is "SUBJECT to all easements, covenants and restrictions of record." Despite the recorded restrictions, defendants assert that prior to the closing, they were led to believe that there were no restrictions on this lot against pools and fences. Shortly after the closing, they were informed—and their attorney confirmed—that their lot was subject to the restrictions.

Plaintiffs are residents of the subdivision, two of whom own lots contiguous to defendants. In September 2000, plaintiffs' attorney sent defendants a letter, along with a copy of the recorded restrictions, reminding them that swimming pools were prohibited on their particular lot and that, generally, fences were prohibited as well. Nevertheless, in October 2002, asserting that the pool restrictions were discriminatory and therefore not enforceable, defendants obtained a swimming pool permit

from the Town and began installing a pool on their lot. Plaintiffs immediately commenced this action seeking to permanently enjoin defendants from installing a swimming pool and a fence and from keeping their exposed recreational vehicle on their lot in violation of the restrictions. Plaintiffs, who also requested an order directing defendants to remove that part of the swimming pool and fence already under construction, further moved for a preliminary injunction and obtained a temporary restraining order prohibiting defendants from continuing to install their pool. Plaintiffs' motion for a preliminary injunction was ultimately denied and the temporary restraining order lifted because they were not able to show irreparable harm. Defendants then completed the installation of their pool and fence fully on notice of the risk that they could be required to remove them.

Plaintiffs moved for summary judgment and defendants cross-moved for summary judgment contending that the relevant restrictions should be extinguished pursuant to RPAPL 1951. Supreme Court granted plaintiffs' motion for summary judgment, and directed defendants to remove their swimming pool, related pool equipment and fences, and permanently enjoined defendants from erecting them again on their property. The judgment also enjoined defendants from maintaining their recreational vehicle on their lot,* except as provided in the restrictions, and awarded plaintiffs counsel fees. On defendants' appeal, we affirm.

On appeal, defendants argue that Supreme Court erred in awarding plaintiffs summary judgment because defendants have raised issues of fact rebutting plaintiffs' prima facie showing, by presenting legally cognizable reasons for extinguishing the relevant restrictions pursuant to RPAPL 1951. However, to have restrictions extinguished pursuant to RPAPL 1951, defendants—as the parties seeking the extinguishment—bore the burden of proving that plaintiffs derive "no actual and substantial benefit" from them (RPAPL 1951 [1]), "either because the purpose of the restriction[s] has already been accomplished or, by reason of changed conditions or other cause, [their] purpose is not capable of accomplishment, or for any other reason" (RPAPL 1951 [1]). Notably, "[t]he issue is not whether [plaintiffs] obtain[ ] *any* benefit from the existence of the restriction[s] but whether in a balancing of equities [the

---

* Defendants have abandoned any challenge to the restriction prohibiting the open parking of recreational vehicles on their lot, having completely failed to address this restriction in their brief to this Court (*see Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 n 2).

restrictions] can be said to be, in the wording of the statute, 'of *no* actual and *substantial* benefit' " (*Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 266, quoting RPAPL 1951 [1]; *see Cody v Fabiano & Sons*, 246 AD2d 726, 727, *lv denied* 91 NY2d 814; *Deak v Heathcote Assn.*, 191 AD2d 671, 672).

Defendants' only contention in their opposition to plaintiffs' motion is that plaintiffs derive no actual benefit from the restrictions on defendants' property. Specifically, defendants contend that they raised questions of fact as to whether the pool restrictions primarily benefitted the adjoining golf course, that only three plaintiffs can see defendants' pool and fence from their lots, and that defendants' pool has no adverse impact on plaintiffs' views. In our view, these contentions—even if proven—would not successfully raise a triable issue of fact with regard to whether plaintiffs derive an actual and substantial benefit from the subdivision restrictions which defendants violated and seek to extinguish. That the golf course also derived a benefit from the prohibition of pools did not detract from plaintiffs' prima facie showing that the restrictions also benefitted them. The fact that some of the plaintiffs cannot see defendants' pool from their lots or that defendants' pool is not claimed to be an eyesore does not rebut plaintiffs' showing—as evidenced by the recorded declaration—that all residents of the subdivision, plaintiffs included, derive a benefit from "a uniform general plan for the improvement, development, use, occupancy and enjoyment of the Subdivisions * * * as an architecturally harmonious and desirable residential area."

Thus, we find no inequity in Supreme Court's decision as defendants' showing failed to demonstrate that a balancing of the equities favored the extinguishment of the restrictions. Clearly, this is not a case in which, by enforcing the restrictions, defendants' parcel will be rendered useless (*see Nature Conservancy v Congel*, 296 AD2d 840, 841, *lv denied* 99 NY2d 502; *cf. Orange & Rockland Util. v Philwold Estates, supra* at 258, 265) and defendants have not established that the equities otherwise weigh in their favor, especially where they purchased their lot subject to the recorded restrictions and built the pool and fence with full knowledge of those restrictions (*see Nature Conservancy v Congel, supra* at 841). Defendants' proof in opposition simply fails, on any level, to show that the restrictions are of no actual and substantial "benefit" to plaintiffs (*see Orange & Rockland Util. v Philwold Estates, supra* at 266). Therefore, Supreme Court properly granted summary judgment in favor of plaintiffs.

We have considered defendants' remaining contentions and find they are without merit.

Cardona, P.J., Mercure and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs, and defendants are directed to remove their pool and fence no later than May 31, 2003.