■ ROBERT EHRLICH et al., Appellants, v INCORPORATED VILLAGE OF SEA CLIFF et al., Respondents. [945 NYS2d 98]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983 and to extinguish a restrictive covenant, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated September 22, 2010, which granted the defendants' motion, in effect, for summary judgment dismissing the fourth, fifth, seventh, eighth, ninth, tenth, eleventh, and twelfth causes of action as barred by the doctrine of res judicata.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

After the plaintiffs commenced this action in the Supreme Court, Nassau County, the action was removed to the United States District Court for the Eastern District of New York (hereinafter the federal court) by reason of the federal-law claims asserted in the complaint. In an order dated January 9, 2009, the

federal court (Wexler, J.), at the plaintiffs' request, dismissed, with prejudice, the first, second, third, and sixth causes of action asserted in the complaint, and remitted the plaintiffs' remaining claims for relief to the Supreme Court, Nassau County. In the order appealed from, the Supreme Court granted the defendants' motion, in effect, for summary judgment dismissing the remaining causes of action as barred by the doctrine of res judicata, based on a finding that the issues presented in this action were previously decided in a prior action brought by the plaintiffs in the federal court in 2004 (hereinafter the 2004 federal action) and a prior proceeding pursuant to CPLR article 78.

The fifth, seventh, eighth, and ninth causes of action seek declaratory relief pertaining to the zoning ordinance of the defendant Incorporated Village of Sea Cliff, and certain zoning determinations made by the defendants. As "it is clear that the relief sought [by these causes of] action is essentially the same as that sought in the article 78 proceeding previously determined adversely to the plaintiff[s], and that the claims arise out of the same or related facts" (*Pauk v Board of Trustees of City Univ. of N.Y.*, 111 AD2d 17, 20 [1985], *affd* 68 NY2d 702 [1986]), the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the fifth, seventh, eighth, and ninth causes of action as barred by the doctrine of res judicata.

The Supreme Court also properly granted those branches of the defendants' motion which were for summary judgment dismissing, as barred by the doctrine of res judicata, the tenth and eleventh causes of action, which sound in prima facie tort and intentional interference with contractual relations. Those causes of action arise out of the same series of transactions previously litigated in the 2004 federal action and in the CPLR article 78 proceeding (*see Pitcock v Kasowitz, Benson, Torres & Friedman, LLP*, 80 AD3d 453 [2011]; *Sakhuja v New York Med. Coll.*, 225 AD2d 391 [1996]; *Zarcone v Perry*, 78 AD2d 70, 77-79 [1980], *affd* 55 NY2d 782 [1981], *cert denied* 456 US 979 [1982]).

Although the fourth cause of action, which seeks to extinguish a restrictive covenant pursuant to RPAPL 1951, is not barred by the doctrine of res judicata, we nevertheless affirm so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing that cause of action, as the defendants established, prima facie, that the restrictive covenant was of actual and substantial benefit to the Village, and that the balancing of the equities does not favor the plaintiffs on this cause of action (*see Chambers v Old Stone Hill*

*Rd. Assoc.*, 1 NY3d 424, 434 [2004]; *Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc.*, 65 AD3d 1312, 1314 [2009]; *New York City Economic Dev. Corp. v T.C. Foods Import & Export Co., Inc.*, 19 AD3d 568, 569 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

As the plaintiffs correctly concede, the twelfth cause of action is not viable, as New York law does not recognize a separate cause of action for punitive damages (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616-617 [1994]). Rivera, J.P., Chambers, Roman and Miller, JJ., concur.