Shehan v Commisso (2022 NY Slip Op 00328)





Shehan v Commisso


2022 NY Slip Op 00328


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-02745
 (Index No. 16461/15)

[*1]Mark T. Shehan, appellant, 
v
Louis Commisso, et al., respondents.


Welby, Brady & Greenblatt, LLP, White Plains, NY (Alan D. Singer of counsel), for respondents.
Richard T. Haefeli, Westhampton Beach, NY, for appellant.



DECISION & ORDER
In an action for a judgment declaring, inter alia, that the proposed subdivision of a certain parcel of real property violates certain restrictive covenants and for related injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated December 19, 2018. The order denied the plaintiff's motion for summary judgment on the complaint, and granted the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' cross motion for summary judgment dismissing the complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs.
The plaintiff and the defendants own adjoining parcels of property within a subdivision originally owned by the estate of Ralph L. Cutter (hereinafter the grantor). The subdivision initially consisted of 28 lots, 14 of which had frontage only on Lilac Road. In 1987, the plaintiff obtained title to his lot, designated as Lot 5 on the Subdivision Map of Lilac Farm (hereinafter the Subdivision Map), which was recorded on August 31, 1928. The defendants obtained title to their lot, designated as Lot 6 on the Subdivision Map, in 2015. The original conveyances of Lots 5 and 6 from the grantor were subject to, among other things, the following restrictions: (1) the parcels could not be subdivided and (2) a maximum of one residential home could be built on each parcel. The original deed dated June 4, 1929, conveying Lot 6 was recorded on September 19, 1929.
After acquiring Lot 6, the defendants sought to subdivide the parcel into two separate lots. In response, the plaintiff commenced the instant action seeking a judgment declaring that the defendants' proposed subdivision is in violation of the restrictive covenants set forth in the defendants' chain of title and that the plaintiff has a right to enforce such restrictive covenants. The complaint also seeks an injunction enjoining the defendants from subdividing Lot 6.
The plaintiff moved for summary judgment on the complaint. The defendants opposed and cross-moved for summary judgment dismissing the complaint. In an order dated [*2]December 19, 2018, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The court determined that the plaintiff failed to establish that there was a common plan for uniform development of the Lilac Farm subdivision. Accordingly, the court determined that the plaintiff lacked standing to enforce the restrictive covenants in the defendants' chain of title. The plaintiff appeals.
"In order to establish the privity requisite to enforce a restrictive covenant, a party need only show that his [or her] property derives from the original grantor who imposed the covenant and whose property was benefit[t]ed thereby, and concomitantly, that the party to be burdened derives his [or her] property from the original grantee who took the property subject to the restrictive covenant" (Malley v Hanna, 65 NY2d 289, 291; see Shea v Signal Hill Rd. LLC, 172 AD3d 1604, 1606). "This 'vertical privity' arises wherever the party seeking to enforce the covenant has derived his [or her] title through a continuous lawful succession from the original grantor" (Malley v Hanna, 65 NY2d at 291-292). Where vertical privity has been established, a party's right to enforce a restrictive covenant "does not depend upon his [or her] demonstrating a common plan or scheme" (Malley v Hanna, 65 NY2d at 292); rather, "it is sufficient that the surrounding circumstances manifest the original grantor's intent that the covenant run with the land" (id.).
Here, it is undisputed that the original deed in the defendants' direct chain of title dating back to the grantor was dated June 4, 1929, and was recorded on September 19, 1929. The deed contained restrictive covenants prohibiting the subdivision of the property and prohibiting the construction of more than one residential home on the parcel. It is further undisputed that the original deed in the plaintiff's chain of title, which was dated September 20, 1929, and recorded on September 27, 1929, contained the same restrictive covenants.
Contrary to the defendants' contention, the undisputed facts establish that the plaintiff has the requisite vertical privity to enforce the restrictive covenants (see Malley v Hanna, 65 NY2d at 291-292; Shea v Signal Hill Rd. LLC, 172 AD3d at 1606). The plaintiff derived title to Lot 5 from the grantor, who subdivided the Lilac Farm subdivision. By deed dated June 4, 1929, the grantor burdened Lot 6, the property conveyed to the defendants' predecessor in title, by subjecting the conveyance to the restrictive covenants in question, and which accrued to the benefit of the property retained by the grantor, including Lot 5, which was conveyed to the plaintiff's predecessors in title by deed dated September 20, 1929. The defendants do not allege that the succession of conveyances from the grantor to the plaintiff was not continuous and lawful. Therefore, the plaintiff has the requisite vertical privity and did not need to demonstrate a common plan or scheme for the entire subdivision (see Malley v Hanna, 65 NY2d at 291-292). Accordingly, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the basis that the plaintiff lacked standing to enforce the restrictive covenants.
The defendants are charged with notice of the restrictive covenants contained in the original deed from the grantor conveying Lot 6 as it is in their direct chain of title (see Witter v Taggart, 78 NY2d 234, 238; see Matter of Ioannou v Southold Town Planning Bd., 304 AD2d 578, 578; Breakers Motel v Sunbeach Montauk Two, 224 AD2d 473, 474). Contrary to the defendants' contention, the restrictive covenant in paragraph 2 of the deed dated June 4, 1929, unambiguously prohibits the grantee from subdividing the parcel (see Rautenstrauch v Bakhru, 64 AD3d 554, 555).
However, the defendants raised a triable issue of fact as to whether the restrictive covenant prohibiting subdivision of the parcel is unenforceable pursuant to RPAPL 1951 due to changes in the area since the imposition of such covenant (see Ginsberg v Yeshiva of Far Rockaway, 36 NY2d 706, 707; Gordon v Incorporated. Vil. of Lawrence, 84 AD2d 558, 559, affd 56 NY2d 1003). Accordingly, the Supreme Court should have denied both the plaintiff's motion for summary judgment on the complaint and the defendants' cross motion for summary judgment dismissing the complaint.
CONNOLLY, J.P.,CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court