Ramaquois Real Estate Co., LLC v Town of Haverstraw (2023 NY Slip Op 04784)

Ramaquois Real Estate Co., LLC v Town of Haverstraw

2023 NY Slip Op 04784

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-10371
 (Index No. 30403/18)

[*1]Ramaquois Real Estate Co., LLC, appellant, 
v
Town of Haverstraw, respondent.

Katsky Korins, LLP, New York, NY (Adrienne B. Koch, David L. Katsky, and Liza Merzel of counsel), for appellant.
Silverberg Zalantis, LLC, Tarrytown, NY (Christie T. Addona of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that a certain restrictive covenant is unenforceable and should be extinguished pursuant to RPAPL 1951, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated August 15, 2019. The order denied the plaintiff's motion for summary judgment declaring that the restrictive covenant is unenforceable and should be extinguished pursuant to RPAPL 1951 and granted the defendant's cross-motion for summary judgment, in effect, declaring that the restrictive covenant is valid.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the restrictive covenant is valid.
The plaintiff is the owner of certain real property known as Camp Ramaquois, located partially in the Town of Ramapo and predominantly in the Town of Haverstraw. The property is subject to a restrictive covenant which limits its use to a commercial recreation area, and which provides that the failure to use the land as a commercial recreation area for an uninterrupted period of one year shall constitute an irrevocable gratuitous offer of dedication to the Town of Haverstraw. The restrictive covenant was entered into in 1973 between the plaintiff's predecessor in interest and the Town of Haverstraw as a condition of the Town's approval of an application for a 75-lot residential subdivision in the commercial recreation district.
In 2018, the plaintiff commenced this action against the Town for a judgment declaring that the restrictive covenant is unenforceable and should be extinguished pursuant to [*2]RPAPL 1951. The plaintiff moved for summary judgment declaring that the restrictive covenant is unenforceable and should be extinguished pursuant to RPAPL 1951, and the Town cross-moved for summary judgment, in effect, declaring that the restrictive covenant is valid. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the Town's cross-motion. The plaintiff appeals.
"Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431). Contrary to the plaintiff's contention, the intention of the parties was clear and the subject covenant is not ambiguous (see id.; cf. Matter of Gedney Assn., Inc. v Common Council of City of White Plains, 209 AD3d 1019, 1021-1022; Rautenstrauch v Bakhru, 64 AD3d 554, 555-556).
In an action to obtain a declaration with respect to the enforceability of a restrictive covenant, RPAPL 1951(2) authorizes the court to adjudge that the restriction is not enforceable and to cause its extinguishment "if the court shall find that the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason" (see Chambers v Old Stone Hill Rd. Assoc., 1 NY3d at 433-434; Orange & Rockland Util. v Philwold Estates, 52 NY2d 253, 264). Here, the Town established, prima facie, that the restrictive covenant was of actual and substantial benefit to the Town, and that the balancing of the equities does not favor the plaintiff (see Chambers v Old Stone Hill Rd. Assoc., 1 NY3d at 434; Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d 1068, 1069; cf. New York City Economic Dev. Corp. v T.C. Foods Import & Export Co., Inc., 19 AD3d 568, 569; Deak v Heathcote Assn., 191 AD2d 671, 673). In opposition, the plaintiff failed to raise a triable issue of fact (see Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d at 1070).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment declaring that the restrictive covenant is unenforceable and should be extinguished pursuant to RPAPL 1951, and granted the Town's cross-motion for summary judgment, in effect, declaring that the restrictive covenant is valid. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the restrictive covenant is valid (see Lanza v Wagner, 11 NY2d 317, 334)..
BRATHWAITE NELSON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court