Housing Opportunity Multi-Family Efforts ("HOME") v Village of Airmont, N.Y. (2024 NY Slip Op 04379)

Housing Opportunity Multi-Family Efforts ("HOME") v Village of Airmont, N.Y.

2024 NY Slip Op 04379

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-06705
 (Index No. 33618/20)

[*1]Housing Opportunity Multi-Family Efforts ("HOME"), plaintiff-appellant, et al., plaintiff,
v
Village of Airmont, New York, et al., respondents; 267 Cherry Lane Realty Corp., nonparty-appellant.

Savad Churgin, LLP, Nanuet, NY (Joseph A. Churgin and Donna Sobel of counsel), for plaintiff-appellant and nonparty-appellant.
Feerick Nugent MacCartney PLLC, South Nyack, NY (Christopher B. Pavlacka and Brian D. Nugent of counsel), for respondents.

DECISION & ORDER
In an action for declaratory relief, the plaintiff Housing Opportunity Multi-Family Efforts ("HOME") and nonparty 267 Cherry Lane Realty Corp. appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 13, 2022. The order, insofar as appealed from, denied the plaintiffs' motion, in effect, for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1968, Leonard Kohl and Irin Paris (hereinafter together the original owners) owned certain real property located in the Town of Ramapo (hereinafter the property). In March 1968, the original owners and the Town executed a restrictive covenant, which provided that the property "shall be permanently restrict[ed] to privately owned recreational use, operated commercially for profit, or otherwise, at the sole discretion of the owner." The restrictive covenant also stated that it was "to run with the land" and would be "binding upon LEONARD KOHL and IRIN PARIS, their heirs, executors, administrators and assigns forever; provided, however, that the same shall enure only to the benefit of the Town of Ramapo." The restrictive covenant was recorded with the Rockland County Clerk's Office in June 1968.
In May 1987, 267 Cherry Lane Realty Corp. (hereinafter the corporate owner) purchased the property. In 1991, the Village of Airmont was incorporated within the Town, and the property was encompassed within the Village.
In August 2020, Irving Bauer, the registered agent of the corporate owner, and Housing Opportunity Multi-Family Efforts ("HOME") (hereinafter HOME, and together with Bauer, the plaintiffs) commenced this action against the Village and the Village of Airmont Building Inspector, seeking a judgment declaring that the defendants cannot enforce the restrictive covenant against Bauer or any successors in interest. Thereafter, the plaintiffs moved, in effect, for summary judgment on the complaint. By stipulation dated February 28, 2022, the parties stipulated to substitute the corporate owner for Bauer as a plaintiff in this action. In an order dated July 13, 2022, the Supreme Court, inter alia, denied the plaintiffs' motion. HOME and the corporate owner (hereinafter together the appellants) appeal.
Restrictive covenants "'will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy'" (Ramaquois Real Estate Co., LLC v Town of Haverstraw, 219 AD3d 1538, 1539, quoting Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431). Further, a restrictive covenant "'will run with the land and will be enforceable against a subsequent purchaser of the land'" when the following requirements are satisfied: "'(1) it must appear that grantor and grantee intended that the covenant should run with the land; (2) it must appear that the covenant is one "touching" or "concerning" the land with which it runs; [and] (3) it must appear that there is "privity of estate" between the promisee or party claiming the benefit of the covenant and the right to enforce it, and the promisor or party who rests under the burden of the covenant'" (Matter of Ferncliff Cemetery Assn. v Town of Greenburgh, 184 AD3d 95, 103, quoting Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 254-255).
Here, the plaintiffs failed to demonstrate, prima facie, that the restrictive covenant, which by its terms was "to run with the land" and be "binding upon LEONARD KOHL and IRIN PARIS, their heirs, executors, administrators and assigns forever," was not enforceable against subsequent purchasers of the property (see 328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d 372, 381-385; Greens at Half Hollow Home Owners Assn., Inc. v Greens Golf Club, LLC, 131 AD3d 1108, 1116). Further, the plaintiffs failed to establish, prima facie, that the Village was not entitled to enforce the restrictive covenant (see Shehan v Commisso, 201 AD3d 835, 836-837). Accordingly, since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the plaintiffs' motion, in effect, for summary judgment on the complaint, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The appellants' remaining contentions are without merit.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court