Shmeria, LLC v Sea Gate Assn.

2026 NY Slip Op 02862

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Shmeria, LLC, appellant-respondent,

v

Sea Gate Association, respondent-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2020-06273, 2021-03350, (Index No. 507075/17)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Solomin & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for appellant-respondent.

Alan J. Wohlberg, Brooklyn, NY, for respondent-appellant.

[*1]

DECISION & ORDER

In an action for a judgment declaring that certain restrictive covenants are unenforceable and should be extinguished pursuant to RPAPL 1951, (1) the plaintiff appeals, and the defendant cross-appeals, from an order and judgment (one paper) of the Supreme Court, Kings County (Debra Silber, J.), dated September 29, 2020, and (2) the plaintiff appeals from an order of the same court dated April 21, 2021. The order and judgment, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment, in effect, declaring that restrictive covenants imposing a limitation on use, a limitation on improvements, a signage restriction, and a fencing requirement are enforceable, denied those branches of the plaintiff's cross-motion which were for summary judgment declaring that those restrictive covenants are unenforceable and should be extinguished pursuant to RPAPL 1951, and, in effect, declared that those restrictive covenants are enforceable. The order and judgment, insofar as cross-appealed from, granted those branches of the plaintiff's cross-motion which were for summary judgment declaring that a restrictive covenant imposing a limitation on access is unenforceable and should be extinguished pursuant to RPAPL 1951 and dismissing the defendant's counterclaim, denied that branch of the defendant's motion which was for summary judgment, in effect, declaring that restrictive covenant enforceable, and declared that restrictive covenant unenforceable and extinguished it. The order dated April 21, 2021, insofar as appealed from, upon reargument, adhered to the determination in the order and judgment granting those branches of the defendant's motion which were for summary judgment, in effect, declaring that the restrictive covenants imposing a limitation on use, a limitation on improvements, a signage restriction, and a fencing requirement are enforceable, and denying those branches of the plaintiff's cross-motion which were for summary judgment declaring that those restrictive covenants are unenforceable and should be extinguished pursuant to RPAPL 1951.

ORDERED that the appeal from the order and judgment is dismissed, without costs or disbursements, as the portion of the order and judgment appealed from was superseded by the order dated April 21, 2021, made upon reargument; and it is further,

ORDERED that the order and judgment is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

ORDERED that the order dated April 21, 2021, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff owns certain real property (hereinafter the property) situated on the eastern border of a community in Brooklyn, known as Sea Gate. The defendant owns and operates the streets, beaches, and certain other real property in Sea Gate. The southern portion of the property is subject to restrictive covenants, which require that the property shall never be used for any purpose other than storage, parking, a public garage for motor vehicles, or a gasoline service station (hereinafter the limitation on use restriction), that no structure exceeding one story in height shall ever be erected without prior approval (hereinafter the limitation on improvements restriction), that an eight-foot high "rustic fence" shall be maintained along the western, southern, and eastern sides of the property (hereinafter the fencing requirement), that no signs are permitted on the property or the fence (hereinafter the signage restriction), and that ingress to, or egress from, West 37th Street, is not permitted, with the only access being permitted on the southern side of a garage that had been located on the northern portion of the property (hereinafter the access restriction). The property is also subject to a restriction that the dues to be paid to the defendant by the owner of the property are limited to "1.75% of assessed value" (hereinafter the dues limitation). The restrictive covenants were entered into by a deed executed in May 1948 that was subsequently recorded, and they were confirmed in a court order that approved a prior sale of the property.

In April 2017, the plaintiff commenced this action for a judgment declaring that the limitation on use restriction, limitation on improvements restriction, fencing requirement, signage restriction, and access restriction are unenforceable and should be extinguished pursuant to RPAPL 1951. The defendant asserted a counterclaim against the plaintiff to extinguish the dues limitation in the event some or all of the other restrictive covenants were extinguished. The defendant moved for summary judgment, in effect, declaring that the restrictive covenants are enforceable. The plaintiff cross-moved for summary judgment declaring that the restrictive covenants are unenforceable and should be extinguished pursuant to RPAPL 1951 and dismissing the defendant's counterclaim. In an order and judgment dated September 29, 2020, the Supreme Court granted those branches of the defendant's motion which were for summary judgment, in effect, declaring that the limitation on use restriction, limitation on improvements restriction, fencing requirement, and signage restriction are enforceable, denied those branches the plaintiff's cross-motion which were for summary judgment declaring that those restrictive covenants are unenforceable and should be extinguished pursuant to RPAPL 1951 and, in effect, declared that those restrictive covenants are enforceable. The court also granted those branches of the plaintiff's cross-motion which were for summary judgment declaring that the access restriction is unenforceable and should be extinguished pursuant to RPAPL 1951 and dismissing the defendant's counterclaim, denied that branch of the defendant's motion which was for summary judgment, in effect, declaring that the access restriction is enforceable, and declared that the access restriction is unenforceable and extinguished it. The plaintiff appeals, and the defendant cross-appeals.

The plaintiff then moved for leave to reargue those branches of its cross-motion which were for summary judgment declaring that the limitation on use restriction, limitation on improvements restriction, fencing requirement, and signage restriction are unenforceable and should be extinguished pursuant to RPAPL 1951 and its opposition to those branches of the defendant's motion which were for summary judgment, in effect, declaring that those restrictive covenants are enforceable. In an order dated April 21, 2021, the Supreme Court granted reargument and, upon reargument, adhered to its prior determination denying those branches of the plaintiff's cross-motion and granting those branches of the defendant's motion. The plaintiff appeals.

The plaintiff's contention that certain rules and regulations and bylaws were inadmissible was improperly raised for the first time in connection with the plaintiff's motion for leave to reargue. "A motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided or to present arguments different from those originally presented" (FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 651, 653 [internal quotation marks omitted]; see Giovanniello v Carolina Wholesale Off. Mach. Co., Inc., 29 AD3d 737, 737).

Pursuant to RPAPL 1951, a court may adjudge that a restrictive covenant is not enforceable, and extinguish it, if the court determines that "the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason" (Ramaquois Real Estate Co., LLC v Town of Haverstraw, 219 AD3d 1538, 1539 [internal quotation marks omitted]; see RPAPL 1951[2]; Blue Is. Dev., LLC v Town of Hempstead, 131 AD3d 497, 501). "The issue in determining whether a restrictive covenant is unenforceable is not whether the party seeking the enforcement of the restriction obtains any benefit, but whether, in a balancing of equities, the restrictive covenant is of no actual and substantial benefit" (Deak v Heathcote Assn., 191 AD2d 671, 672; see Orange & Rockland Util. v Philwold Estates, 52 NY2d 253).

Here, the defendant established, prima facie, that the limitation on use restriction, limitation on improvements restriction, fencing requirement, and signage restriction were of actual and substantial benefit to the defendant, and the balancing of the equities does not favor the plaintiff (see Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d 1068, 1070; Chambers v Old Stone Hill Rd. Assoc., 303 AD2d 536, 537, affd 1 NY3d 424). In opposition, the plaintiff failed to raise a triable issue of fact (see Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d at 1070). Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting those branches of the defendant's motion which were for summary judgment, in effect, declaring that those restrictive covenants are enforceable. For the same reasons, upon reargument, the court properly adhered to its original determination denying those branches of the plaintiff's cross-motion which were for summary judgment declaring that those restrictive covenants are unenforceable and should be extinguished pursuant to RPAPL 1951.

The Supreme Court properly granted that branch of the plaintiff's cross-motion which was for summary judgment declaring that the access restriction is unenforceable and should be extinguished pursuant to RPAPL 1951. The plaintiff established, prima facie, that the access restriction was of no actual and substantial benefit to the defendant because, among other things, the defendant had permitted the access restriction to be violated and declined to enforce it for several years and had effectively waived the access restriction, and the balancing of the equities favors the plaintiff (see Orange & Rockland Util. v Philwold Estates, 52 NY2d 253; Board of Educ., E. Irondequoit Cent. School Dist. v Doe, 88 AD2d 108, 117). In opposition, the defendant failed to raise a triable issue of fact (cf. Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d at 1070). For the same reasons, the court properly denied that branch of the defendant's motion which was for summary judgment, in effect, declaring that the access restriction is enforceable.

The Supreme Court also properly granted that branch of the plaintiff's cross-motion which was for summary judgment dismissing the counterclaim seeking to extinguish the dues limitation, as the plaintiff established, prima facie, the dues limitation was of actual and substantial benefit to it and that the balancing of equities favored the plaintiff (see Ramaquois Real Estate Co., LLC v Town of Haverstraw, 219 AD3d at 1540; Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d at 1070). In opposition, the defendant failed to raise a triable issue of fact (see Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d at 1070).

The parties' remaining contentions are without merit.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

2020-06273 DECISION & ORDER ON MOTION

2021-03350

Shmeria, LLC, appellant-respondent,

v Sea Gate Association, respondent-appellant.

(Index No. 507075/17)

Appeal and cross-appeal from an order and judgment (one paper) of the Supreme Court, Kings County, dated September 29, 2020, and appeal from an order of the same court dated April 21, 2021. Motion by the appellant-respondent to strike stated portions of the respondent-appellant's reply brief, inter alia, on the ground that those portions contain improper sur-reply arguments. By decision and order on motion of this Court dated July 1, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross-appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals and cross-appeal, it is

ORDERED that the motion to strike stated portions of the respondent-appellant's reply brief, inter alia, on the ground that those portions contain improper sur-reply arguments is granted to the extent that the following portions of the respondent-appellant's reply brief are stricken and have not been considered in the determination of the appeals and cross-appeal: (1) pages 3-7 ending with line "If anything, this attorney's testimony shows that the premises are in Sea Gate"; (2) pages 11-14 ending with the line "There does not appear to be any provision in CPLR 5015 supporting such relief"; and it is further,

ORDERED that the motion is otherwise denied.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court